# JONATHAN D. DAVIS, P.C.
ATTORNEYS AT LAW

1 ROCKEFELLER PLAZA
SUITE 1712
NEW YORK, NEW YORK 10020

TEL: (212) 687-5464
FAX: (212) 697-2521
WWW.JDDAVISPC.COM

February 18, 2022

**VIA ECF**
The Honorable Victor Marrero
United States District Court Judge
United States District Court
500 Pearl Street, Suite 1610
New York, New York 10007

Re: Nwosuocha v. Glover, et al. (Civ. Action No. 21-cv-04047)

Dear Judge Marrero:

We are writing on behalf of all Defendants in the above-referenced action to inform the Court, in accordance with Paragraph II.B.2. of your Honor's Individual Practices, that the parties were unable to resolve all of the disputes regarding the appropriateness of Defendants' contemplated motion to dismiss.[1]

This action is for copyright infringement under the U.S. Copyright Act (the "Act"). Plaintiff Emelike Nwosuocha claims his purported copyright interest in the musical composition titled "Made in America" (the "Plaintiff's Composition") is infringed by the musical composition titled "This is America" (the "Challenged Composition"). Plaintiff's infringement claim concerns *only* the musical compositions at issue. The Complaint does not allege any infringement claim concerning the video or recording of Plaintiff's Composition.[2]

The parties have exchanged the following letters, which are attached in accordance with your Honor's Individual Practices: (1) Jonathan D. Davis's letter on behalf of the Initiating

---

[1] Although we are writing on behalf of all Defendants, Jonathan D. Davis, P.C. is counsel of record only for: Defendants Donald McKinley Glover, II, Ludwig Emil Tomas Göransson, Jeffery Lamar Williams, Kobalt Music Publishing America, Inc. d/b/a Songs of Kobalt Music Publishing, RCA Records ("RCA"), Sony Music Entertainment, Young Stoner Life Publishing, LLC, Theory Entertainment LLC d/b/a 300 Entertainment, Atlantic Recording Corporation, Warner Music Group Corp. ("WMG"), and Warner-Tamerlane Publishing Corp. (collectively, the "Initiating Defendants"). Pryor Cashman LLP is counsel of record for Songs of Universal, Inc., and Quinn Emanuel Urquhart & Sullivan, LLP is counsel of record for Roc Nation Publishing LLC ("Roc Nation", and together with the Initiating Defendants and Songs of Universal, Inc., the "Defendants").

[2] Plaintiff's Composition and the Challenged Composition are available on SoundCloud and may be accessed using the following Internet addresses: https://soundcloud.com/kiddwesischurch/made-in-america-prod-by (the Plaintiff's Composition) (last visited Feb. 18, 2022) and https://soundcloud.com/childish-gambino/this-is-america (the Challenged Composition) (last visited Feb. 18, 2022).

The Honorable Victor Marrero
February 18, 2022
Page 2

Defendants to Imran H. Ansari, Plaintiff's counsel, dated December 22, 2021; (2) Ilene S. Farkas's letter on behalf of Defendant Songs of Universal, Inc. to Mr. Ansari, dated December 22, 2021; (3) Paul B. Maslo's letter on behalf of Defendant Roc Nation to Mr. Ansari, dated December 22, 2021; (4) Mr. Ansari's letter to Mr. Davis, dated January 12, 2022; (5) Mr. Davis's letter on behalf of all Defendants to Mr. Ansari, dated January 18, 2022; and (6) Mr. Ansari's letter to Mr. Davis, dated February 8, 2022.

Defendants' letters contend that the Complaint is subject to dismissal for the following reasons: (1) Plaintiff lacks standing to sue for copyright infringement because he lacks the requisite registration for Plaintiff's Composition; (2) Plaintiff inadequately alleges "access" and actionable copying; (3) Plaintiff fails to plead plausible contributory and vicarious infringement claims; and (4) Plaintiff named two improper parties, namely Defendants RCA and WMG.

Plaintiff disputes the grounds for dismissal with one exception. Mr. Ansari's February 8, 2022 letter states that "[s]hould the Defendants provide evidentiary proof and an affidavit in support of its (sic) contention that WMG and RCA are improper Defendants[,] then Plaintiff will consider withdrawing the claims [against them]." Pl.'s Feb. 8, 2022 Ltr. at 3. WMG and RCA are endeavoring to present information that will persuade Mr. Ansari to dismiss them from this action.

Dismissal of the Complaint based on Plaintiff's lack of registration and lack of standing is warranted here. First, the Act's registration requirement for Plaintiff's Composition is not met by registering certain unpublished sound recordings as a collective work. Plaintiff's legal construction of the Act and its regulations would defeat the purpose of registration, which is to provide notice to the public of copyright ownership.

Second, Plaintiff's SR registration does not register the musical composition at issue in this case. When registering sound recordings and musical compositions together, an applicant must explicitly elect to expand the scope of an SR registration to include a musical composition embodied in the same phonorecord. *See* 37 C.F.R. § 202.3(b)(1) (May 24, 2017) (describing classes of works for registration including Class SR for sound recordings); Code of Federal Regulations, https://www.ecfr.gov (last visited Feb. 18, 2022) (permitting access to historical regulations). According to the controlling regulations, "[c]laims to copyright in … musical works embodied in phonorecords may also be registered in th[e] [SR] class under paragraph (b)(4) of this section [covering unpublished collections, among other things] if: (A) *Registration is sought on the same application for both a recorded … musical work and a sound recording*; (B) The recorded … musical work and the sound recording are embodied in the same phonorecord; and (C) The same claimant *is seeking registration of both the recorded … musical work and the sound recording*." 37 C.F.R. § 202.3(b)(1)(iv) (May 24, 2017) (emphasis added). These regulations were reflected in the Form SR instructions when Plaintiff filed his registration. The instructions required an applicant to include appropriate authorship terms to cover an underlying musical composition. And U.S. Copyright Circular 56A (rev. 2/2012) includes the following information in a chart to assist applicants:

The Honorable Victor Marrero
February 18, 2022
Page 3

| What is being registered | What the author created |
|---|---|
| **Performing arts work** | |
| Song or other musical composition | Music and words *or* Music |
| **Sound recording** | |
| Sound recording only | Sound recording |
| Musical composition and sound recording | Music and sound recording *or* Music, words, and sound recording |

But Plaintiff's registration does not cover any musical composition because it explicitly states only: "Author Created: sound recording." [ECF Dkt. No. 1, Ex. B.] Because the copyright claim in Plaintiff's registration does not extend to Plaintiff's Composition, that work has not been registered and, accordingly, Plaintiff's claim should be dismissed for failure to meet a basic statutory prerequisite for bringing suit for copyright infringement. *See, e.g., Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (stating "registration is akin to an administrative exhaustion requirement … before suing to enforce ownership rights").[3]

A motion to dismiss is also warranted because Plaintiff has not alleged a plausible theory of "access" to his work, and because under the "ordinary observer test" – which this Court applies on a motion to dismiss – any lay listener would conclude, as a matter of law, that the Challenged Composition is not "substantially similar" – let alone "strikingly similar" – to Plaintiff's Composition. The musical compositions could not be more different, and the use of one non-protectable lyric – "America" – cannot support a claim for infringement. Accordingly, the Complaint should be dismissed.

Lastly, a motion to dismiss is warranted because Plaintiff fails to recognize that his conclusory allegations of contributory and vicarious infringement do not state plausible infringement claims. These claims should be dismissed as well.

We await the Court's instructions with respect to any further compliance with the pre-motion procedures and are available for a pre-motion conference at the Court's convenience.

                        Respectfully submitted,

                        */s/ Jonathan D. Davis*

                        Jonathan D. Davis

Attachments
cc:  All Counsel (Via ECF)

---

[3] Although Defendants contend that the sound recording for Plaintiff's Composition is also *excluded* from the registration because it was a *published* work when the purportedly *unpublished collection* of sound recordings was submitted for registration, Plaintiff has not alleged any infringement claim concerning the *sound recording* of Plaintiff's Composition.