JONATHAN D. DAVIS, P.C.

ATTORNEYS AT LAW

IO ROCKEFELLER PLAZA
SUITE IOI5
NEW YORK, NEW YORK IOO2O

TEL: (212) 687-5464
FAX: (212) 697-2521
WWW.JDDAVISPC.COM

December 22, 2021

**VIA FIRST-CLASS MAIL/EMAIL/PDF**

Imran H. Ansari, Esq.
Aidala, Bertuna & Kamins, P.C.
546 Fifth Avenue
New York, New York 10036

Re: Nwosuocha v. Glover, et al. (Civ. Action No. 21-cv-04047)

Dear Mr. Ansari:

We write to you on behalf of our clients in the above-referenced action and pursuant to Paragraph II.B. of the Individual Practices of U.S. District Judge Victor Marrero to "set[] forth the specific … pleading deficiencies in the complaint and other reasons or controlling authorities" we contend "would warrant dismissal and that, if properly rectified, could avoid the filing of the motion."[1] This letter is in lieu of a filed response to the Complaint.

The Complaint has the following fatal deficiencies: (1) lack of standing to sue for copyright infringement of the musical composition "Made in America" ("Plaintiff's Composition");[2] (2) failure to plead access or "substantial similarity" between the works at issue; and (3) improperly including RCA Records ("RCA") and Warner Music Group Corp. ("WMG") as defendants.

**I.      Plaintiff Lacks Standing to Sue for Copyright Infringement**

A copyright registration is an indispensable prerequisite for standing to sue for copyright infringement. *See* 17 U.S.C. § 411(a); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (stating "registration is akin to an administrative exhaustion requirement … before suing to enforce ownership rights"). Musical compositions, sound recordings, and audiovisual works each require registration.

Plaintiff cannot pursue infringement claims against Defendants without a valid registration. The Complaint identifies only one registration, which is limited to an *unpublished* collection of *sound recordings*. ECF No. 1, ¶ 5, Ex. B. That registration does not cover Plaintiff's Composition. *See* U.S. Copyright Circular 56A; *Tuff-N-Rumble Mgmt., Inc. v. Sugarhill Music Publ'g Inc*., 75 F. Supp. 2d 242, 247 (S.D.N.Y. 1999). Moreover, the sound recording embodying Plaintiff's

---

[1] We represent all Defendants except for Roc Nation Publishing LLC and Songs of Universal, Inc.

[2] The Complaint does not allege that the music *video* for "This is America" (the "Challenged Composition") infringes Plaintiff's music video. Nor can it be read to allege a sampling claim. Such claims would nonetheless be dismissed for lack of a valid registration.

Imran H. Ansari, Esq.
December 22, 2021
Page 2

Composition is *excluded* from that registration because it was not an *unpublished* composition when the registration was filed or issued. *See Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 230 (S.D.N.Y. 2012); *see also Palmer/Kane LLC v. Rosen Book Works LLC*, 188 F. Supp. 3d 347, 352 (S.D.N.Y. 2016). The Complaint alleges that a recording of Plaintiff's Composition was uploaded to SoundCloud and YouTube before registration. ECF No. 1, ¶¶ 4, 40, 41 (alleging commercial exploitation on the Internet in 2016). This conduct constitutes publication. 17 U.S.C. § 101; *Getaped.Com, Inc. v. Cangemi*, 188 F. Supp. 2d 398 (S.D.N.Y. 2002) (uploading content to Internet constitutes publication); *see also Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1364 (S.D. Fla. 2011) (music file published when posted on Internet).

## II.    Plaintiff Has Not Alleged Access or Actionable Copying

Copyright infringement requires copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Where no direct evidence of actual copying exists, a plaintiff must allege access with facts sufficient to allow an inference of copying. Here, Plaintiff's allegation that his song was available "on major streaming platforms for widespread public listening" fails to plead "access" as a matter of law. ECF No. 1, ¶ 40; *Clanton v. UMG Recordings, Inc.*, 20-cv-5841 (LJL), 2021 WL 3621784, at *3 (S.D.N.Y. Aug. 16, 2021) (dismissing claim because posting a song on the "internet is insufficient on its own to show [access through] 'wide dissemination'").

In addition, copying requires the works to be "substantially similar." But under the "ordinary observer" test – where a district court must compare the songs' "total concept and overall feel" without considering unprotectable expression the songs may share – the songs at issue lack "substantial similarity" as a matter of law. *Edwards v. Raymond*, 22 F. Supp. 3d 293, 297-301 (S.D.N.Y. 2014). In applying the test, a plaintiff's characterization of the songs is immaterial.

The minimal alleged similarities between the songs at issue lack the requisite protectability. The common proper noun "America" is unprotectable. *McDonald v. West*, 138 F. Supp. 3d 448, 456 (S.D.N.Y. 2015) ("Made in America" not protectible); 37 C.F.R. § 202.1(a). Likewise, any alleged similarity in the cadence/rhythm of the lyrical/rap delivery – such as the alleged use of "triplets" – is also unprotectable. *Morrill v. Stefani*, 338 F. Supp. 3d 1051, 1061 (C.D. Cal. 2018); *Rose v. Hewson,* No. 17cv1471 (DLC), 2018 WL 626350, at *7 (S.D.N.Y. Jan. 30, 2018). Aside from these unprotectable similarities, there is nothing to support Plaintiff's copyright claim.

Indeed, the music is different in each song at issue. As any lay listener will observe, the Challenged Composition's music is unlike Plaintiff's Composition. Plaintiff entirely raps his song in a C# minor key in a faster tempo. The Challenged Composition contains rapping *and* singing by multiple performers, is primarily in F major, and has a slower tempo. The differences in the production and instrumentals also reflect different concepts and overall feels.

In addition, the structure of each song is substantially different. Plaintiff's Composition has an intro, outro, and two verses that are sandwiched between choruses. The Challenged Composition has an intro, two verses that are preceded by both a pre-chorus and chorus, a final pre-chorus and an outro.

Imran H. Ansari, Esq.
December 22, 2021
Page 3

Furthermore, themes and ideas are not protectable as a matter of law, and here, other than a reference to the generic lyric "America," the themes of each song, and their lyrics, are entirely dissimilar. Plaintiff's Composition is a short, simple, self-aggrandizing proclamation, with Plaintiff stating repeatedly: "I'm made in America." His mantra alerts rappers of Plaintiff's arrival ("2016 rappers? (Yeah") You should beware of this"), and his success ("I'm running the city … I'm making a milestone … You hearing my name though? Well don't wear it out … I'm killing the game … I somersault the flow, pick up any ho / On any street).

In contrast, the Challenged Composition is not about a rapper's arrival/success, but is a complex clashing of the American landscape, anchored to the common phrase "This is America." It references facets of America, such as having fun and making money ("We just wanna party / Party just for you / We just want the money / Money just for you"); police misconduct ("Police be trippin' now"); gun culture ("Guns in my area … / I got the strap (ayy, ayy) / I gotta carry 'em"); materialism ("I'm so fitted … I'm on Gucci"); race and familial truth-telling ("Grandma told me / Get your money, Black man …"); and drugs ("Contraband, contraband, contraband … I got the plug in Oaxaca"). The works share no protectable expression and are not substantially similar.

### III.   The Contributory and Vicarious Infringement Claims Are Not Plausible

Because no plausible direct copyright infringement claim exists, Plaintiff's claims for contributory and vicarious infringement cannot survive a motion to dismiss. *Alexander v. Murdoch*, No. 10 Civ. 5613(PAC)(JCF), 2011 WL 2802899, at *17 (S.D.N.Y. May 27, 2011). Additionally, the allegations for those claims are conclusory and thus fail to state plausible claims. *Compare* ECF No. 1, ¶¶ 86-87 *with Hartmann v. Amazon.com, Inc.*, 20 Civ. 4928 (PAE), 2021 WL 3683510, at *9 (S.D.N.Y. Aug. 19, 2021) (dismissing conclusory vicarious liability claims).

### IV.   RCA and WMG Are Improper Parties

Plaintiff has improperly sued RCA, a business unit of Defendant Sony Music Entertainment ("SME"). RCA lacks a separate corporate existence and thus cannot be sued. Because claims against RCA are claims against SME, RCA is an improper party and should be dismissed. *See Currin v. Williams*, Case. No. 3:07-CV-1069(RNC), 2009 WL 10676977 (D. Conn. May 12, 2009) (sustaining dismissal of "RCA Records Label" because it is a business unit, not a separate corporate entity, finding "claims … against RCA are in fact claims against Sony BMG").

Plaintiff also improperly sued WMG, the indirect corporate parent of Defendants Atlantic Recording Corporation and Warner-Tamerlane Publishing Corp. WMG has no interest in the Challenged Composition. Also, the allegations against WMG are conclusory, mandating its dismissal. ECF No. 1, ¶ 27 (alleging WMG "has assisted in and/or directly facilitated" various acts and "caused copies" to be exploited). *Cohen v. Hertz Corp.*, No. 13 Civ. 1205(LTS)(AJP), 2013 WL 9450421, at *5 n.7 (S.D.N.Y. Nov. 26, 2013) (dismissing corporate parents which were not alleged to be "responsible for the wrongdoings that [plaintiff] suffered"); *see also Hartmann*, 2021 WL 3683510, at *9.

Imran H. Ansari, Esq.
December 22, 2021
Page 4

Very truly yours,

*/s/ Jonathan D. Davis*

Jonathan D. Davis

JDD:hs

cc:  The Honorable Victor Marrero (Via Fax)
     Paul Maslo, Esq. (Via Email/PDF)
     Alex Spiro, Esq. (Via Email/PDF)
     Donald S. Zakarin, Esq. (Via Email/PDF)
     Ilene S. Farkas, Esq. (Via Email/PDF)



# PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806                    www.pryorcashman.com

**Ilene S. Farkas**
Partner

Direct Tel: 212-326-0188
Direct Fax: 212-798-6382
IFarkas@PRYORCASHMAN.com

December 22, 2021

**VIA E-MAIL**

Imran H. Ansari, Esq.
Aidala, Bertuna & Kamins, P.C.
546 Fifth Avenue
New York, New York 10036

      Re:    <u>**Nwosuocha v. Glover, et al. (Civ. Action No. 21-cv-04047)**</u>

Dear Mr. Ansari:

      We represent Songs of Universal, Inc. in the above-referenced action.

      We write to you on behalf of our client and pursuant to Paragraph II.B. of the Individual Practices of The Honorable U.S. District Judge Victor Marrero.  We have reviewed the letter of Jonathan Davis of today's date on behalf of the remaining defendants, and our client hereby incorporates by reference and joins in the reasons stated therein that "would warrant dismissal and that, if properly rectified, could avoid the filing of the motion." This letter is in lieu of a response to the Complaint at this time pursuant to the Judge's Rules.

                Sincerely,

                Ilene S. Farkas

cc:   The Honorable Victor Marrero *(via fax 212-805-6382)*
      Paul Maslo, Esq. *(via email)*
      Alex Spiro, Esq. *(via email)*
      Donald S. Zakarin, Esq. *(via email)*
      Jonathan D. Davis, Esq. *(via email)*

**quinn emanuel** trial lawyers | new york

711 Louisiana St., Suite 500, Houston, TX 77002 . Tel (713) 221-7000 . Fax (713) 221-7100

WRITER'S DIRECT DIAL NO.
**(214) 447-0066**

WRITER'S EMAIL ADDRESS
**paulmaslo@quinnemanuel.com**

December 22, 2021

<u>VIA EMAIL AND FEDEX</u>
Imran H. Ansari
Aidala, Bertuna & Kamins, P.C.
546 Fifth Avenue, 6th Floor
New York, NY 10036

**Re:    Nwosuocha v. Glover, et al., No. 21-cv-04047-VM**

Dear Mr. Ansari:

        We represent Roc Nation Publishing LLC ("Roc Nation"). Pursuant to Section II(B) of the Individual Practices of United States District Judge Victor Marrero, we write to "set[] forth the . . . pleading deficiencies in the complaint and other reasons or controlling authorities that defendant contends would warrant dismissal[.]" Specifically, Roc Nation adopts and incorporates by reference the arguments made in the December 22, 2021 pre-motion letter of Jonathan D. Davis, submitted on behalf of other Defendants.

Sincerely,

*/s/ Paul B. Maslo*

Paul B. Maslo

cc:    The Honorable Victor Marrero (via fax)
       Counsel for all parties (via email)

**quinn emanuel urquhart & sullivan, llp**
AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MUNICH |
NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY |
STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

LAW OFFICES OF

## *Aidala, Bertuna & Kamins, P.C.*

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
HON. JOHN LEVENTHAL (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
DIANA FABI SAMSON
ANDREA M. ARRIGO
MICHAEL DIBENEDETTO
TAYLOR FRIEDMAN

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118 - 13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

January 12, 2022

**VIA EMAIL**
Jonathan D. Davis, Esq.
Jonathan D. Davis, P.C.
10 Rockefeller Plaza, Suite 1015
New York, New York 10020

Re:   *Nwosuocha v. Glover II et al.*, No. 1:21-cv-04047-VM

Dear Mr. Davis:

I write on behalf of my client in response to your December 22, 2021, pre-motion letter served in lieu of a filed response to the Complaint pursuant to paragraph II.B of Judge Marrero's Individual Rules ("Pre-Motion Letter"), which was joined by all Defendants to this action.

The Pre-Motion letter asserts the following as "fatal deficiencies" in the Complaint: (1) a lack of standing to sue for copyright infringement of the musical composition "Made in America" ("Plaintiff's Composition"); (2) failure to plead access or "substantial similarity" between the works at issue; and (3) improperly including RCA Records ("RCA") and Warner Music Group Corp. ("WMG") as defendants. For the reasons that follow, Plaintiff disagrees with your characterization of these as deficiencies in the Complaint, much less "fatal" deficiencies that "would warrant dismissal."

I.   **Plaintiff Has Standing to Sue for Copyright Infringement**

The Pre-Motion Letter's first erroneously alleged "fatal deficiency" in the Complaint is the Plaintiff's purported lack of standing to sue for copyright infringement. The flawed premise of this point is that Plaintiff's copyright registration does not cover Plaintiff's Composition due to the registration's designation as pertaining to a "sound recording" that is "unpublished." Defendants' reasoning appears to neglect that the U.S. Copyright Office allows compositional registrations to subsume into "sound recording" registrations, and that the mere act of uploading a song to SoundCloud or YouTube prior to registration does not fall within the U.S. Copyright Office's definition of "publication" for the purposes of registration.

The U.S. Copyright Office permits unpublished sound recordings *and* their underlying compositions to be registered simultaneously under the "Sound Recording" designation, pursuant to Copyright Office Circular 56A. Per official Copyright Office guidance, one can accomplish such simultaneous registration where: (a) the claimant is the author of both the sound recording and the work embodied in the recording, or the owner of the copyright in both; (b) the claimant

checks "Sound Recording" under the "Author Created" section of the registration, or uses the Form SR (as in "Sound Recording") if submitting a paper application; and (c) the claimant submits a phonorecord containing both the sound recording and the musical composition embodied in that recording. *See* Copyright Office Circular 56A. Plaintiff's registration satisfied all three of these criteria, and thus represents a correctly submitted simultaneous registration of both the sound recordings in the collection and their respective underlying musical compositions, including Plaintiff's Composition.

Furthermore, Plaintiff's Composition was not "published" for the purposes of copyright registration by sheer virtue of having been uploaded to SoundCloud and YouTube prior to registration. Copyright Office Circular 66 instructs that streaming is a performance that, in and of itself, does not constitute publication "because, as a practical matter, the end user does not retain a copy of the work when the performance ends." *See* Copyright Office Circular 66. Defendants fail to raise a "fatal deficiency" in this regard by citing authority standing precisely for the proposition that digital publication of a work requires offering end users a retainable copy of the work. *See Getaped.Com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 402 (S.D.N.Y. 2002) (holding webpage's source code published where, "by merely accessing a webpage, an Internet user acquires the ability to make a copy of that webpage . . . that is, in fact, indistinguishable in every part from the original."); *Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355 (holding a song published where creator admitted uploading the song to an internet magazine and making it available for download).

## II.    Plaintiff Has Alleged Access and Actionable Copying

The Pre-Motion Letter erroneously alleges that Plaintiff has failed to plead the element of access as a matter of law. The premise of the Pre-Motion Letter's mistaken point in this regard is that the Complaint's assertion of widespread public access to Plaintiff's Composition on major streaming platforms is insufficient to make out access. However, this argument neglects that the Second Circuit permits a showing of striking similarity as a substitute for proof of access. *See Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 56 (2d Cir. 2003)("We have held that where the works in question are 'so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access.'")(quoting *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir.1995)).

Plaintiff has plead the striking similarity between the subject songs with requisite specificity, offering a musicological scientific analysis of such similarity by Dr. Brent Swanson of the University of Miami. On the basis of scientifically recognized methods of musicological analysis including, but not limited to, spectral analysis of both songs, Dr. Swanson concludes that the songs are similar to an extent unlikely to be coincidence. *See* Swanson Report (ECF No. 1-4) at 10-17. Plaintiff asserts that these objectively measurable similarities are readily presentable to and audible by lay persons. Defendants do not, as a matter of law, defeat Plaintiff's well-plead, specific allegations of scientifically-corroborated striking similarities between the songs simply by making conclusory allegations that "any lay listeners will *observe*" to the contrary.

- 2 -

### III. __WMG Is a Proper Party__

Defendants concede in the Pre-Motion Letter that Defendant WMG is the corporate parent of Defendants Atlantic Recording Corporation and Warner-Tamerlane Publishing Corp., but allege that WMG nonetheless has no interest in the Challenged Composition. Defendants further allege that Plaintiff's pleading as against WMG is conclusory, and do so by selectively citing only the extent of Plaintiff's Complaint alleging that WMG "has assisted in and/or directly facilitated" the infringement. In this regard, Defendants omit the extent of the Complaint alleging that WMG is vicariously liable because, as the parent corporation to entities directly responsible for distributing the infringing Challenged Composition, "Defendant WMG has derived substantial revenues and/or profits from the exploitation of the Infringing Work" and "had the right and ability to control other infringers." ECF. No. 1 ¶ 27, 87. This Circuit has long recognized that vicarious copyright infringement liability may be premised on a party's status as a beneficiary of an infringing act and its ability to control an infringer, and Plaintiff has accordingly sufficiently plead WMG's vicarious liability on the basis of its ability to control its infringing subsidiaries and the benefits it has derived from the Challenged Composition. *See Shapiro, Bernstein & Co. v. H. L. Green Co*., 316 F.2d 304, 307 (2d Cir. 1963)("When the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials—even in the absence of actual knowledge that the copyright [] is being impaired—the purposes of copyright law may be best effectuated by the imposition of liability upon the beneficiary of that exploitation.")(internal citations omitted).

Furthermore, RCA is the record label entity to which Defendant Glover is signed and through which the Challenged Composition was produced, distributed, marketed, and promoted, amongst other things. Despite Defendants assertions concerning the nature of RCA's corporate existence, RCA has interposed answers on its own behalf alongside Sony Music Entertainment ("SME") in copyright infringement suits naming both entities as defendants and postdating RCA's reported merger with SME, including in *Yours, Mine and Ours Music v. Sony Music Entertainment, et al*., No. 2:16-cv-08056 (C.D. Cal. 2016). As such, Defendant RCA is a properly named party at this stage of the action in addition to Defendant WMG.

Very Truly Yours,

__AIDALA, BERTUNA & KAMINS, P.C.__

By:   /s/ Imran H. Ansari
      Imran H. Ansari, Esq.
      546 Fifth Avenue, 6th Floor
      New York, NY 10036
      T: (212) 486-0011
      F: (212) 750-8297
      iansari@aidalalaw.com

cc:   The Honorable Victor Marrero (Fax)
      Paul Maslo, Esq. (Email)
      Alex Spiro, Esq. (Email)
      Donald S. Zakarin, Esq. (Email)
      Ilene S. Farkas, Esq. (Email)

AIDALA, BERTUNA & KAMINS, P.C. • 546 FIFTH AVENUE, NEW YORK, NY, 10036 • T: 212-486-0011 • F: 212-750-8297 • WWW.AIDALALAW.COM

JONATHAN D. DAVIS, P.C.

ATTORNEYS AT LAW

IO ROCKEFELLER PLAZA
SUITE 1015
NEW YORK, NEW YORK 10020

TEL: (212) 687-5464
FAX: (212) 697-2521
WWW.JDDAVISPC.COM

January 18, 2022

**VIA FIRST-CLASS MAIL/EMAIL/PDF**

Imran H. Ansari, Esq.
Aidala, Bertuna & Kamins, P.C.
546 Fifth Avenue
New York, New York 10036

        Re: Nwosuocha v. Glover, et al. (Civ. Action No. 21-cv-04047)

Dear Mr. Ansari:

        We write on behalf of all Defendants in response to your January 12, 2022 letter and in furtherance of the procedures described in Paragraph II.B. of Judge Marrero's Individual Practices. For the reasons set out below, and in our prior letter, we urge your client to reconsider pursuing his baseless copyright infringement claims, as continuing to pursue them will likely subject him to the payment of Defendants' reasonable attorney's fees and costs under 17 U.S.C. § 505.

        Addressing your client's technical standing problem, your response to Plaintiff's lack of standing, including your argument that his registration for a collection of purportedly unpublished sound recordings also covers his purported copyright in the composition at issue misunderstands copyright registration requirements. While Form SR may be used to register copyright claims in both a sound recording and an underlying musical work, obtaining coverage for both works requires a description of the "Nature of Authorship" that *explicitly* covers each separate work.

        Indeed, Form SR explains in its "LINE-BY-LINE INSTRUCTIONS" the descriptions needed to encompass both works in a sound recording registration:

>        **Nature of Authorship**: Sound recording authorship is the performance, sound production, or both, that is fixed in the recording deposited for registration. Describe this authorship in space 2 as "sound recording." *If the claim also covers the underlying work(s), include the appropriate authorship terms for each author, for example, "words," "music," "arrangement of music," or "text."*

Form SR (rev. 05/2019) (the current version) (emphasis added); *see also* Form SR (rev.12/2016) (same); and Form SR (rev. 05/2012) (same). Copies are attached. U.S. Copyright Circular 56A also makes this point clear by using a chart and showing that if the application seeks to register the musical composition *and* the sound recording, then the description of what the author created *must*

Imran H. Ansari, Esq.
January 18, 2022
Page 2

*reflect both works*. U.S. COPYRIGHT OFFICE, CIRCULAR NO. 56A. *Copyright Registration of Musical Compositions and Sound Recordings* (2021), *available at* https://www.copyright.gov/circs/circ56a.pdf, at 2. In addition, Circular 56A explains that "[c]opyright in a sound recording is not the same as, or a substitute for, copyright in the underlying musical composition" and that "[t]o register a single claim in both works, [an applicant must] give information about the author(s) of both the musical composition and the sound recording." *Id.* at 1.

Because Plaintiff's Certificate of Registration limits his authorship to "sound recording" without the additional description needed to claim a copyright in the musical composition, such as "words," "music," or "words and music", the registration, at most, can only protect the sound recording for "Made in America." To pursue an infringement claim concerning a "composition," the registration must reflect, in accordance with the above requirements, that it specifically covers the composition. Here, the registration is silent regarding that particular work.

But the sound recording for "Made in America" is not at issue in this case because your client has not alleged – and cannot allege – a sampling claim. The claim here is not that the sound recording of Plaintiff's work was duplicated by the sound recording of "This is America." There is no dispute that it is not. What purportedly is at issue is Plaintiff's composition – a work that is not currently protected by a copyright registration. You may be under the misimpression that one can register a copyright in a musical composition by submitting a sound recording to the Copyright Office as the deposit copy for a sound recording application. But that is incorrect and it does not satisfy the requirements of the Copyright Office.

Because there is no copyright claim regarding your client's "sound recording," the issue of whether the "Made in America" sound recording has been published is immaterial to your client's purported infringement claims. Nevertheless, and purely to address here a non-relevant issue of copyright law, we disagree with your contention that a work is only published if a copy can be retained by the user. The Copyright Act's definition of publication is not circumscribed in the manner you contend in your letter. *See* 17 U.S.C. § 101 (stating publication includes "offering to distribute … phonorecords to a group of persons for purposes of further distribution,  public performance, or public display").

The example you cite from Circular 66, titled "Copyright Registration of Websites and Website Content," addresses a work "made available only by streaming" and provides that streaming "in and of itself" does not constitute publication. U.S. COPYRIGHT OFFICE, CIRCULAR NO. 66. *Copyright Registration of Website and Website Content* (2021), *available at* https://www.copyright.gov/circs/circ66.pdf, at 5. But the Complaint alleges more than just streaming "in and of itself." It alleges that phonorecords were offered to multiple on-line services for public display/performance, which acts "constitute[] publication." 17 U.S.C. § 101; *see also*

Imran H. Ansari, Esq.
January 18, 2022
Page 3

U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES §1906.1 (3d ed. 2021) (explaining publication occurs when, for example, a movie is offered to groups of theaters or TV networks for exhibition or broadcasting, *or phonorecords are offered to radio stations for purpose of broadcasting songs and sound recordings embodied therein*). In any event, when Plaintiff uploaded his recording of "Made in America" to SoundCloud, the service permitted users to copy and download songs for use offline. *See Introducing SoundCloud Go,* SOUNDCLOUD, https://blog.soundcloud.com/2016/03/29/introducing-soundcloud-go/ (last visited Jan. 18, 2022) (introducing SoundCloud Go on March 29, 2016, a service that provides users the ability to "**listen offline** … without a cell signal or internet connection" so that "[w]hether you're down in the subway, 30-thousand feet overhead or completely off the grid, with SoundCloud Go, **you'll have access to all your favorites offline**") (emphasis in original). So even if publication under the Copyright Act requires a user's ability to copy and retain a recording – *which it does not* – any such requirement has been satisfied here.

Turning to the substance of your infringement claim, your response to Plaintiff's failure to allege access misses the point. Plaintiff cannot simply rely on his allegations that the works at issue are "strikingly similar," when any lay listener could readily determine they are neither "strikingly similar" nor "substantially similar." Perhaps you believe that offering a conclusory assertion of striking similarity will enable Plaintiff to avoid a dismissal at the outset of a case. That is a mistaken view. Plaintiff has made no showing that the works at issue share any actionable similarity – let alone a striking similarity – and the copyright law does not forgive establishing "access" merely by alleging striking similarity. There still must be a reasonable basis for access and, as a matter of law, there is none here. In any event, any characterization of the works by counsel, or a purported expert, cannot change what is observable by a lay person who listens to the works. The works control the analysis, not a description by Plaintiff, his counsel, or anyone else. *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (stating "[i]n copyright infringement actions, the works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings").

Your response to our argument for dismissal of WMG is unavailing. WMG is the indirect corporate parent of Defendants Atlantic Recording Corporation and Warner-Tamerlane Publishing Corp. WMG has no ownership in the challenged composition. Moreover, Plaintiff's allegations against WMG are conclusory and do not support any copyright infringement claim against an indirect parent company.

Finally, we do not understand your refusal to drop RCA from the case. RCA is not an entity, but an unincorporated business unit owned directly by SME, *i.e.*, there are no intervening layers of ownership between RCA and SME. In the case identified in your letter, *Yours, Mine and Ours Music v. Sony Music Entertainment*, 16-cv-08056-RSWL-SK (C.D. Cal. filed Oct. 28, 2016),

Imran H. Ansari, Esq.
January 18, 2022
Page 4

RCA Records was incorrectly sued as "RCA Records, Inc." The lawsuit was voluntarily dismissed. So, the mere filing of that Answer is not indicative of whether RCA is a proper party here, which it is not.

Because your client has no standing or meritorious claims against Defendants, we urge Plaintiff to promptly withdraw this lawsuit before Defendants incur additional attorney's fees and costs that will be pursued against him.

Very truly yours,

*/s/ Jonathan D. Davis*

Jonathan D. Davis

JDD:hs

cc:  Paul Maslo, Esq.
     Alex Spiro, Esq.
     Donald S. Zakarin, Esq.
     Ilene S. Farkas, Esq.
     (All Via Email/PDF)



# Form SR

*Detach and read these instructions before completing this form.*
*Make sure all applicable spaces have been filled in before you return this form.*

## BASIC INFORMATION

**When to Use This Form:** Use Form SR for registration of published or unpublished sound recordings. Form SR should be used when the copyright claim is limited to the sound recording itself, and it may also be used where the same copyright claimant is seeking simultaneous registration of the underlying musical, dramatic, or literary work embodied in the phonorecord.

With one exception, "sound recordings" are works that result from the fixation of a series of musical, spoken, or other sounds. The exception is for the audio portions of audiovisual works, such as a motion picture soundtrack or an audio cassette accompanying a filmstrip. These are considered a part of the audiovisual work as a whole.

**Unpublished works:** This form may be used to register one unpublished work. This form cannot be used to register a "collection" of two or more unpublished works. Any paper application submitted with more than one unpublished work may be refused. To register multiple unpublished works, you must use the online application for "A Group of Unpublished Works." For information about the online application, see *Multiple Works* (Circular 34).

**Deposit to Accompany Application:** An application for copyright registration must be accompanied by a deposit consisting of phonorecords representing the entire work for which registration is to be made.

**Unpublished Work:** Deposit one complete phonorecord.

**Published Work:** Deposit two complete phonorecords of the best edition, together with "any printed or other visually perceptible material" published with the phonorecords.

**Work First Published Outside the United States:** Deposit one complete phonorecord of the first foreign edition.

**Contribution to a Collective Work:** Deposit one complete phonorecord of the best edition of the collective work.

**The Copyright Notice:** Before March 1, 1989, the use of copyright notice was mandatory on all published works, and any work first published before that date should have carried a notice. For works first published on and after March 1, 1989, use of the copyright notice is optional. For more information about copyright notice, see *Copyright Notice* (Circular 3).

**For Further Information:** To speak to a Copyright Office staff member, call (202) 707-3000 or 1-877-476-0778. Recorded information is available 24 hours a day. Order forms and other publications from Library of Congress, Copyright Office-COPUBS, 101 Independence Avenue SE, Washington, DC 20559 or call (202) 707-9100 or 1-877-476-0778 (toll free). Access and download circulars and other information from the Copyright Office website at *www.copyright.gov*.

**PRIVACY ACT ADVISORY STATEMENT Required by the Privacy Act o  1974 (P.L. 93-579)**
  he authority  or requesting this in ormation is title 17 U S C  §409 and §410   urnishing the requested in ormation is voluntary  But i  the in ormation is not  urnished, it may be necessary to delay or re use registration and you may not be entitled to certain relie , remedies, and benefits provided in chapters 4 and 5 o  title 17 U S C
  he principal uses o  the requested in ormation are the establishment and maintenance o  a public record and the examination o  the application  or compliance with the registration require-ments o  the copyright code
  Other routine uses include public inspection and copying, preparation o  public indexes, prepara-tion o  public catalogs o  copyright registrations, and preparation o  search reports upon request
  NO  E  No other advisory statement will be given in connection with this application  Please keep this statement and re er to it i  we communicate with you regarding this application

## LINE-BY-LINE INSTRUCTIONS

*Please type or print using black ink. The form is used to produce the certificate.*

### 1 SPACE 1: Title

**Title of This Work:** Every work submitted for copyright registration must be given a title to identify that particular work. If the phonorecords or any accompanying printed material bears a title (or an identifying phrase that could serve as a title), transcribe that wording completely and exactly on the application. Indexing of the registration and future identification of the work may depend on the information you give here.

**Previous, Alternative, or Contents Titles:** Complete this space if there are any previous or alternative titles for the work under which someone searching for the registration might be likely to look, or under which a document pertaining to the work might be recorded. You may also give the individual contents titles, if any, in this space or you may use a Continuation Sheet (Form CON). Circle the term that describes the titles given.

### 2 SPACE 2: Author(s)

**General Instructions:** After reading these instructions, decide who are the "authors" of this work for copyright purposes. Then, unless the work is a "collective work," give the requested information about every "author" who contributed any appreciable amount of copyrightable matter to this version of the work. If you need further space, use additional Continuation Sheets. In the case of a collective work such as a collection of previously published or registered sound recordings, give information about the author of the collective work as a whole. If you are submitting this Form SR to cover the recorded musical, dramatic, or literary work as well as the sound recording itself, it is important for space 2 to include full information about the various authors of all of the material covered by the copyright claim, making clear the nature of each author's contribution.

**Name of Author:** The fullest form of the author's name should be given. Unless the work was "made for hire," the individual who actually created the work is its "author." In the case of a work made for hire, the statute provides that "the employer or other person for whom the work was prepared is considered the author."

**What Is a "Work Made for Hire"?** A "work made for hire" is defined as: (1) "a work prepared by an employee within the scope of his or her employment"; or (2) "a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." If you have checked "Yes" to indicate that the work was "made for hire," you must give the full legal name of the employer (or other person for whom the work was prepared). You may also include the name of the employee along with the name of the employer (for example: "Elster Record Co., employer for hire of John Ferguson").

**"Anonymous" or "Pseudonymous" Work:** An author's contribution to a work is "anonymous" if that author is not identified on the copies or phonorecords of the work. An author's contribution to a work is "pseudonymous" if that author is identified on the copies or phonorecords under a fictitious name. If the work is "anonymous" you may: (1) leave the line blank; or (2) state "anonymous" on the line; or (3) reveal the author's identity. If the work is "pseudonymous" you may: (1) leave the line blank; or (2) give the pseudonym and identify it as such (for example: "Huntley Haverstock, pseudonym"); or (3) reveal the author's name, making clear which is the real name and which is the pseudonym (for example: "Judith Barton, whose pseudonym is Madeline Elster"). However, the citizenship or domicile of the author *must* be given in all cases.

**Dates of Birth and Death:** If the author is dead, the statute requires that the year of death be included in the application unless the work is anonymous or pseudonymous. The author's birth date is optional, but is useful as a form of identification. Leave this space blank if the author's contribution was a "work made for hire."

**Author's Nationality or Domicile:** Give the country in which the author is a citizen, or the country in which the author is domiciled. Nationality or domicile *must* be given in all cases.

**Nature of Authorship:** Sound recording authorship is the performance, sound production, or both, that is fixed in the recording deposited for registration. Describe this authorship in space 2 as "sound recording." If the claim also covers the underlying work(s), include the appropriate authorship terms for each author, for example, "words," "music," "arrangement of music," or "text."

Generally, for the claim to cover both the sound recording and the underlying work(s), every author should have contributed to both the sound recording *and* the underlying work(s). If the claim includes artwork or photographs, include the appropriate term in the statement of authorship.

# 3 SPACE 3: Creation and Publication

**General Instructions:** Do not confuse "creation" with "publication." Every application for copyright registration must state "the year in which creation of the work was completed." Give the date and nation of first publication only if the work has been published.

**Creation:** Under the statute, a work is "created" when it is fixed in a copy or phonorecord for the first time. If a work has been prepared over a period of time, the part of the work existing in fixed form on a particular date constitutes the created work on that date. The date you give here should be the year in which the author completed the particular version for which registration is now being sought, even if other versions exist or if further changes or additions are planned.

**Publication:** The statute defines "publication" as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending"; a work is also "published" if there has been an "offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display." Give the full date (month, date, year) when, and the country where, publication first occurred. If first publication took place simultaneously in the United States and other countries, it is sufficient to state "U.S.A."

# 4 SPACE 4: Claimant(s)

**Name(s) and Address(es) of Copyright Claimant(s):** Give the name(s) and address(es) of the copyright claimant(s) in the work even if the claimant is the same as the author. Copyright in a work belongs initially to the author of the work (including, in the case of a work made for hire, the employer or other person for whom the work was prepared). The copyright claimant is either the author of the work or a person or organization to whom the copyright initially belonging to the author has been transferred.

**Transfer:** The statute provides that, if the copyright claimant is not the author, the application for registration must contain "a brief statement of how the claimant obtained ownership of the copyright." If any copyright claimant named in space 4a is not an author named in space 2, give a brief statement explaining how the claimant(s) obtained ownership of the copyright. Examples: "By written contract"; "Transfer of all rights by author"; "Assignment"; "By will." Do not attach transfer documents or other attachments or riders.

# 5 SPACE 5: Previous Registration

**General Instructions:** The questions in space 5 are intended to show whether an earlier registration has been made for this work and, if so, whether there is any basis for a new registration. As a rule, only one basic copyright registration can be made for the same version of a particular work.

**Same Version:** If this version is substantially the same as the work covered by a previous registration, a second registration is not generally possible unless: (1) the work has been registered in unpublished form and a second registration is now being sought to cover this first published edition; or (2) someone other than the author is identified as copyright claimant in the earlier registration and the author is now seeking registration in his or her own name. If either of these two exceptions applies, check the appropriate box and give the earlier registration number and date. Otherwise, do not submit Form SR. Instead, write the Copyright Office for information about supplementary registration or recordation of transfers of copyright ownership.

**Changed Version:** If the work has been changed and you are now seeking registration to cover the additions or revisions, check the last box in space 5, give the earlier registration number and date, and complete both parts of space 6 in accordance with the instructions below.

**Previous Registration Number and Date:** If more than one previous registration has been made for the work, give the number and date of the latest registration.

# 6 SPACE 6: Derivative Work or Compilation

**General Instructions:** Complete space 6 if this work is a "changed version," "compilation," or "derivative work," and if it incorporates one or more earlier works that have already been published or registered for copyright, or that have fallen into the public domain, or sound recordings that were fixed before February 15, 1972. A "compilation" is defined as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." A "derivative work" is "a work based on one or more preexisting works." Examples of derivative works include recordings reissued with substantial editorial revisions or abridgments of the recorded sounds, and recordings republished with new recorded material, or "any other form in which a work may be recast, transformed, or adapted." Derivative works also include works "consisting of editorial revisions, annotations, or other modifications" if these changes, as a whole, represent an original work of authorship.

**Preexisting Material (space 6a):** Complete this space *and* space 6b for derivative works. In this space identify the preexisting work that has been recast, transformed, or adapted. The preexisting work may be material that has been previously published, previously registered, or that is in the public domain. For example, the preexisting material might be: "1970 recording by Sperryville Symphony of Bach Double Concerto."

**Material Added to This Work (space 6b):** Give a brief, general statement of the *additional* new material covered by the copyright claim for which registration is sought. In the case of a derivative work, identify this new material. Examples: "Recorded performances on bands 1 and 3"; "Remixed sounds from original multitrack sound sources"; "New words, arrangement, and additional sounds." If the work is a compilation, give a brief, general statement describing both the material that has been compiled *and* the compilation itself. Example: "Compilation of 1938 recordings by various swing bands."

# 7,8,9 SPACE 7, 8, 9: Fee, Correspondence, Certification, Return Address

**Deposit Account:** If you maintain a deposit account in the Copyright Office, identify it in space 7a. Otherwise, leave the space blank and send the filing fee with your application and deposit. (See space 8 on form.) **Note:** Copyright Office fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000 or 1-877-476-0778 (toll free).

**Correspondence (space 7b):** Give the name, address, area code, telephone number, fax number, and email address (if available) of the person to be consulted if correspondence about this application becomes necessary.

**Certification (space 8):** This application cannot be accepted unless it bears the date and the *signature* of the author or other copyright claimant, or the owner of exclusive right(s), or the duly authorized agent of the author, claimant, or owner of exclusive right(s).

**Address for Return of Certificate (space 9):** The address box must be completed legibly since the certificate will be returned in a window envelope.

---

**MORE INFORMATION**

**"Works":** "Works" are the basic subject matter of copyright; they are what authors create and copyright protects. The statute draws a sharp distinction between the "work" and "any material object in which the work is embodied."

**"Copies" and "Phonorecords":** These are the two types of material objects in which "works" are embodied. In general, "copies" are objects from which a work can be read or visually perceived, directly or with the aid of a machine or device, such as manuscripts, books, sheet music, film, and videotape. "Phonorecords" are objects embodying fixations of sounds, such as audio tapes and phonograph disks. For example, a song (the "work") can be reproduced in sheet music ("copies") or phonograph disks ("phonorecords"), or both.

**"Sound Recordings":** These are "works," not "copies" or "phonorecords." "Sound recordings" are "works that result from the fixation of a series of musical, spoken, or other sounds, but not including the sounds accompanying a motion picture or other audiovisual work." Example: When a record company issues a new release, the release will typically involve two distinct "works": the "musical work" that has been recorded, and the "sound recording" as a separate work in itself. The material objects that the record company sends out are "phonorecords": physical reproductions of both the "musical work" and the "sound recording."

## Should You File More Than One Application?

If your work consists of a recorded musical, dramatic, or literary work and if both that "work" and the sound recording as a separate "work" are eligible for registration, the application form you should file depends on the following:

**File Only Form SR if:** The copyright claimant is the same for both the musical, dramatic, or literary work and for the sound recording, and you are seeking a single registration to cover both of these "works."

**File Only Form PA (or Form TX) if:** You are seeking to register only the musical, dramatic, or literary work, not the sound recording. Form PA is appropriate for works of the performing arts; Form TX is for nondramatic literary works.

**Separate Applications Should Be Filed on Form PA (or Form TX) and on Form SR if:** (1) The copyright claimant for the musical, dramatic, or literary work is different from the copyright claimant for the sound recording; or (2) you prefer to have separate registrations for the musical, dramatic, or literary work and for the sound recording.

Copyright Office fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000 or 1-877-476-0778 (toll free).

**Clear Form**

**C** **Form SR**
For a Sound Recording
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**Privacy Act Notice:** Sections 408-410 of title 17 of the *United States Code* authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. §705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

SR          SRU

EFFECT VE DATE OF REG STRAT ON

Month          Day          Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

TITLE OF THIS WORK ▼

PREVIOUS, ALTERNATIVE, OR CONTENTS TITLES (CIRCLE ONE) ▼

**2**

**a**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
❏ Yes
❏ No

AUTHOR'S NATIONALITY OR DOMICILE
Name o  Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?          ❏ Yes   ❏ No
Pseudonymous?     ❏ Yes   ❏ No

the answer to either o  these questions is "Yes, see detailed instructions

NATURE OF AUTHORSHIP   Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NOTE**

Under the law, the "author o  a "work made or hire  is generally the employer, not the employee (see instruc-tions)  or any part o  this work that was "made  or hire, check "Yes in the space provided, give the employer (or other person  or whom the work was prepared) as "Author o  that part, and leave the space  or dates o  birth and death blank

**b**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
❏ Yes
❏ No

AUTHOR'S NATIONALITY OR DOMICILE
Name o  Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?          ❏ Yes   ❏ No
Pseudonymous?     ❏ Yes   ❏ No

the answer to either o  these questions is "Yes, see detailed instructions

NATURE OF AUTHORSHIP   Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
❏ Yes
❏ No

AUTHOR'S NATIONALITY OR DOMICILE
Name o  Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?          ❏ Yes   ❏ No
Pseudonymous?     ❏ Yes   ❏ No

the answer to either o  these questions is "Yes, see detailed instructions

NATURE OF AUTHORSHIP   Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3**

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
Year ▶
This in ormation must be given in all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this in ormation ONLY i  this work has been published.
Month ▶ _____ Day ▶ _____ Year ▶ _____
Nation ▶ _____

**4**

**a** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

See instructions be ore completing this space

**b** TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE
OFFICE USE ONLY

APPL CAT ON RECE VED

ONE DEPOS T RECE VED

TWO DEPOS TS RECE VED

FUNDS RECE VED

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side o  this page
• See detailed instructions          • Sign the  orm at line 8

DO NOT WRITE HERE

Page 1 o  _____ pages

| EXAMINED BY | FORM SR |
|---|---|
| CHECKED BY | |
| CORRESPONDENCE ❏ Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

❏ **Yes** ❏ **No**   If your answer is "Yes," why is another registration being sought? (Check appropriate box)▼

**a.** ❏ This work was previously registered in unpublished form and now has been published for the first time.

**b.** ❏ This is the first application submitted by this author as copyright claimant.

**c.** ❏ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼         **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION**

**a** **Preexisting Material**  Identify any preexisting work or works that this work is based on or incorporates. ▼

**b** **Material Added to This Work**  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions be ore completing this space

**DEPOSIT ACCOUNT**  If the registration fee is to be charged to a deposit account established in the Copyright Office, give name and number of account.

**a** **Name** ▼                          **Account Number** ▼

**b** **CORRESPONDENCE**  Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/Zip ▼

Area code and daytime telephone number         (         )                      Fax number         (         )

Email

**7**

**CERTIFICATION\***  I, the undersigned, hereby certify that I am the

Check only one ▼

❏ author                    ❏ owner of exclusive right(s)

❏ other copyright claimant        ❏ authorized agent of _____

Name o  author or other copyright claimant, or owner o  exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

_____    Date _____

Signature ▼

**8**

**Certificate will be mailed in window envelope to this address:**

Name ▼

Number/Street/Apt ▼

City/State/Zip ▼

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application  orm
2. Nonrefundable filing fee in check or money order payable to *U S  Copyright Office*
3. Deposit material
**MAIL TO:**
Library o  Congress
U S  Copyright O fice-SR
101  ndependence Avenue SE
Washington, DC 20559-6000

**9**

*\*17 U S C  §506(e)  Any person who knowingly makes a  alse representation o  a material  act in the application  or copyright registration provided  or by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500



# Form SR

*Detach and read these instructions before completing this form.*
*Make sure all applicable spaces have been filled in before you return this form.*

## BASIC INFORMATION

**When to Use This Form:** Use Form SR for registration of published or unpublished sound recordings. Form SR should be used when the copyright claim is limited to the sound recording itself, and it may also be used where the same copyright claimant is seeking simultaneous registration of the underlying musical, dramatic, or literary work embodied in the phonorecord.

With one exception, "sound recordings" are works that result from the fixation of a series of musical, spoken, or other sounds. The exception is for the audio portions of audiovisual works, such as a motion picture soundtrack or an audio cassette accompanying a filmstrip. These are considered a part of the audiovisual work as a whole.

**Deposit to Accompany Application:** An application for copyright registration must be accompanied by a deposit consisting of phonorecords representing the entire work for which registration is to be made.

**Unpublished Work:** Deposit one complete phonorecord.

**Published Work:** Deposit two complete phonorecords of the best edition, together with "any printed or other visually perceptible material" published with the phonorecords.

**Work First Published Outside the United States:** Deposit one complete phonorecord of the first foreign edition.

**Contribution to a Collective Work:** Deposit one complete phonorecord of the best edition of the collective work.

**The Copyright Notice:** Before March 1, 1989, the use of copyright notice was mandatory on all published works, and any work first published before that date should have carried a notice. For works first published on and after March 1, 1989, use of the copyright notice is optional. For more information about copyright notice, see Circular 3, *Copyright Notices.*

**For Further Information:** To speak to a Copyright Office staff member, call (202) 707-3000 or 1-877-476-0778. Recorded information is available 24 hours a day. Order forms and other publications from Library of Congress, Copyright Office-COPUBS, 101 Independence Avenue SE, Washington, DC 20559 or call (202) 707-9100 or 1-877-476-0778 (toll free). Access and download circulars and other information from the Copyright Office website at *www.copyright.gov.*

**PRIVACY ACT ADVISORY STATEMENT Required by the Privacy Act o   1974 (P.L. 93-579)**
he authority o  requesting this in ormation is title 17 U S C  §409 and §410   urnishing the requested in ormation is voluntary  But i  the in ormation is not  urnished, it may be necessary to delay or re use registration and you may not be entitled to certain relie , remedies, and benefits provided in chapters 4 and 5 o  title 17 U S C
he principal uses o  the requested in ormation are the establishment and maintenance o a public record and the examination o  the application  or compliance with the registration require-ments o  the copyright code
Other routine uses include public inspection and copying, preparation o  public indexes, prepara-tion o  public catalogs o  copyright registrations, and preparation o  search reports upon request
NO  E  No other advisory statement will be given in connection with this application  Please keep this statement and re er to it i  we communicate with you regarding this application

## LINE-BY-LINE INSTRUCTIONS

*Please type or print neatly using black ink. The form is used to produce the certificate.*

### 1 SPACE 1: Title

**Title of This Work:** Every work submitted for copyright registration must be given a title to identify that particular work. If the phonorecords or any accompanying printed material bears a title (or an identifying phrase that could serve as a title), transcribe that wording completely and exactly on the application. Indexing of the registration and future identification of the work may depend on the information you give here.

**Previous, Alternative, or Contents Titles:** Complete this space if there are any previous or alternative titles for the work under which someone searching for the registration might be likely to look, or under which a document pertaining to the work might be recorded. You may also give the individual contents titles, if any, in this space or you may use a Continuation Sheet (Form CON). Circle the term that describes the titles given.

### 2 SPACE 2: Author(s)

**General Instructions:** After reading these instructions, decide who are the "authors" of this work for copyright purposes. Then, unless the work is a "collective work," give the requested information about every "author" who contributed any appreciable amount of copyrightable matter to this version of the work. If you need further space, use additional Continuation Sheets. In the case of a collective work such as a collection of previously published or registered sound recordings, give information about the author of the collective work as a whole. If you are submitting this Form SR to cover the recorded musical, dramatic, or literary work as well as the sound recording itself, it is important for space 2 to include full information about the various authors of all of the material covered by the copyright claim, making clear the nature of each author's contribution.

**Name of Author:** The fullest form of the author's name should be given. Unless the work was "made for hire," the individual who actually created the work is its "author." In the case of a work made for hire, the statute provides that "the employer or other person for whom the work was prepared is considered the author."

**What Is a "Work Made for Hire"?** A "work made for hire" is defined as: (1) "a work prepared by an employee within the scope of his or her employment"; or (2) "a

work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." If you have checked "Yes" to indicate that the work was "made for hire," you must give the full legal name of the employer (or other person for whom the work was prepared). You may also include the name of the employee along with the name of the employer (for example: "Elster Record Co., employer for hire of John Ferguson").

**"Anonymous" or "Pseudonymous" Work:** An author's contribution to a work is "anonymous" if that author is not identified on the copies or phonorecords of the work. An author's contribution to a work is "pseudonymous" if that author is identified on the copies or phonorecords under a fictitious name. If the work is "anonymous" you may: (1) leave the line blank; or (2) state "anonymous" on the line; or (3) reveal the author's identity. If the work is "pseudonymous" you may: (1) leave the line blank; or (2) give the pseudonym and identify it as such (for example: "Huntley Haverstock, pseudonym"); or (3) reveal the author's name, making clear which is the real name and which is the pseudonym (for example: "Judith Barton, whose pseudonym is Madeline Elster"). However, the citizenship or domicile of the author *must* be given in all cases.

**Dates of Birth and Death:** If the author is dead, the statute requires that the year of death be included in the application unless the work is anonymous or pseudonymous. The author's birth date is optional, but is useful as a form of identification. Leave this space blank if the author's contribution was a "work made for hire."

**Author's Nationality or Domicile:** Give the country in which the author is a citizen, or the country in which the author is domiciled. Nationality or domicile *must* be given in all cases.

**Nature of Authorship:** Sound recording authorship is the performance, sound production, or both, that is fixed in the recording deposited for registration. Describe this authorship in space 2 as "sound recording." If the claim also covers the underlying work(s), include the appropriate authorship terms for each author, for example, "words," "music," "arrangement of music," or "text."

Generally, for the claim to cover both the sound recording and the underlying work(s), every author should have contributed to both the sound recording *and* the underlying work(s). If the claim includes artwork or photographs, include the appropriate term in the statement of authorship.

## 3 SPACE 3: Creation and Publication

**General Instructions:** Do not confuse "creation" with "publication." Every application for copyright registration must state "the year in which creation of the work was completed." Give the date and nation of first publication only if the work has been published.

**Creation:** Under the statute, a work is "created" when it is fixed in a copy or phonorecord for the first time. If a work has been prepared over a period of time, the part of the work existing in fixed form on a particular date constitutes the created work on that date. The date you give here should be the year in which the author completed the particular version for which registration is now being sought, even if other versions exist or if further changes or additions are planned.

**Publication:** The statute defines "publication" as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending"; a work is also "published" if there has been an "offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display." Give the full date (month, date, year) when, and the country where, publication first occurred. If first publication took place simultaneously in the United States and other countries, it is sufficient to state "U.S.A."

## 4 SPACE 4: Claimant(s)

**Name(s) and Address(es) of Copyright Claimant(s):** Give the name(s) and address(es) of the copyright claimant(s) in the work even if the claimant is the same as the author. Copyright in a work belongs initially to the author of the work (including, in the case of a work made for hire, the employer or other person for whom the work was prepared). The copyright claimant is either the author of the work or a person or organization to whom the copyright initially belonging to the author has been transferred.

**Transfer:** The statute provides that, if the copyright claimant is not the author, the application for registration must contain "a brief statement of how the claimant obtained ownership of the copyright." If any copyright claimant named in space 4a is not an author named in space 2, give a brief statement explaining how the claimant(s) obtained ownership of the copyright. Examples: "By written contract"; "Transfer of all rights by author"; "Assignment"; "By will." Do not attach transfer documents or other attachments or riders.

## 5 SPACE 5: Previous Registration

**General Instructions:** The questions in space 5 are intended to show whether an earlier registration has been made for this work and, if so, whether there is any basis for a new registration. As a rule, only one basic copyright registration can be made for the same version of a particular work.

**Same Version:** If this version is substantially the same as the work covered by a previous registration, a second registration is not generally possible unless: (1) the work has been registered in unpublished form and a second registration is now being sought to cover this first published edition; or (2) someone other than the author is identified as copyright claimant in the earlier registration and the author is now seeking registration in his or her own name. If either of these two exceptions applies, check the appropriate box and give the earlier registration number and date. Otherwise, do not submit Form SR. Instead, write the Copyright Office for information about supplementary registration or recordation of transfers of copyright ownership.

**Changed Version:** If the work has been changed and you are now seeking registration to cover the additions or revisions, check the last box in space 5, give the earlier registration number and date, and complete both parts of space 6 in accordance with the instructions below.

**Previous Registration Number and Date:** If more than one previous registration has been made for the work, give the number and date of the latest registration.

## 6 SPACE 6: Derivative Work or Compilation

**General Instructions:** Complete space 6 if this work is a "changed version," "compilation," or "derivative work," and if it incorporates one or more earlier works that have already been published or registered for copyright, or that have fallen into the public domain, or sound recordings that were fixed before February 15, 1972. A "compilation" is defined as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." A "derivative work" is "a work based on one or more preexisting works." Examples of derivative works include recordings reissued with substantial editorial revisions or abridgments of the recorded sounds, and recordings republished with new recorded material, or "any other form in which a work may be recast, transformed, or adapted." Derivative works also include works "consisting of editorial revisions, annotations, or other modifications" if these changes, as a whole, represent an original work of authorship.

**Preexisting Material (space 6a):** Complete this space *and* space 6b for derivative works. In this space identify the preexisting work that has been recast, transformed, or adapted. The preexisting work may be material that has been previously published, previously registered, or that is in the public domain. For example, the preexisting material might be: "1970 recording by Sperryville Symphony of Bach Double Concerto."

**Material Added to This Work (space 6b):** Give a brief, general statement of the *additional* new material covered by the copyright claim for which registration is sought. In the case of a derivative work, identify this new material. Examples: "Recorded performances on bands 1 and 3"; "Remixed sounds from original multitrack sound sources"; "New words, arrangement, and additional sounds." If the work is a compilation, give a brief, general statement describing both the material that has been compiled *and* the compilation itself. Example: "Compilation of 1938 recordings by various swing bands."

## 7,8,9 SPACE 7, 8, 9: Fee, Correspondence, Certification, Return Address

**Deposit Account:** If you maintain a deposit account in the Copyright Office, identify it in space 7a. Otherwise, leave the space blank and send the filing fee with your application and deposit. (See space 8 on form.) **Note:** Copyright Office fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000 or 1-877-476-0778 (toll free).

**Correspondence (space 7b):** Give the name, address, area code, telephone number, fax number, and email address (if available) of the person to be consulted if correspondence about this application becomes necessary.

**Certification (space 8):** This application cannot be accepted unless it bears the date and the *handwritten signature* of the author or other copyright claimant, or of the owner of exclusive right(s), or of the duly authorized agent of the author, claimant, or owner of exclusive right(s).

**Address for Return of Certificate (space 9):** The address box must be completed legibly since the certificate will be returned in a window envelope.

## MORE INFORMATION

**"Works":** "Works" are the basic subject matter of copyright; they are what authors create and copyright protects. The statute draws a sharp distinction between the "work" and "any material object in which the work is embodied."

**"Copies" and "Phonorecords":** These are the two types of material objects in which "works" are embodied. In general, "copies" are objects from which a work can be read or visually perceived, directly or with the aid of a machine or device, such as manuscripts, books, sheet music, film, and videotape. "Phonorecords" are objects embodying fixations of sounds, such as audio tapes and phonograph disks. For example, a song (the "work") can be reproduced in sheet music ("copies") or phonograph disks ("phonorecords"), or both.

**"Sound Recordings":** These are "works," not "copies" or "phonorecords." "Sound recordings" are "works that result from the fixation of a series of musical, spoken, or other sounds, but not including the sounds accompanying a motion picture or other audiovisual work." Example: When a record company issues a new release, the release will typically involve two distinct "works": the "musical work" that has been recorded, and the "sound recording" as a separate work in itself. The material objects that the record company sends out are "phonorecords": physical reproductions of both the "musical work" and the "sound recording."

**Should You File More Than One Application?** If your work consists of a recorded musical, dramatic, or literary work and if both that "work" and the sound recording as a separate "work" are eligible for registration, the application form you should file depends on the following:

**File Only Form SR if:** The copyright claimant is the same for both the musical, dramatic, or literary work and for the sound recording, and you are seeking a single registration to cover both of these "works."

**File Only Form PA (or Form TX) if:** You are seeking to register only the musical, dramatic, or literary work, not the sound recording. Form PA is appropriate for works of the performing arts; Form TX is for nondramatic literary works.

**Separate Applications Should Be Filed on Form PA (or Form TX) and on Form SR if:** (1) The copyright claimant for the musical, dramatic, or literary work is different from the copyright claimant for the sound recording; or (2) you prefer to have separate registrations for the musical, dramatic, or literary work and for the sound recording.

Copyright Office fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov,* write the Copyright Office, or call (202) 707-3000 or 1-877-476-0778 (toll free).

**Clear Form**

**Form SR**
For a Sound Recording
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**Privacy Act Notice:** Sections 408-410 of title 17 of the *United States Code* authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. §705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

|  | SR | SRU |
| --- | --- | --- |

EFFECT VE DATE OF REG STRAT ON

| Month | Day | Year |
| --- | --- | --- |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

TITLE OF THIS WORK ▼

_____

PREVIOUS, ALTERNATIVE, OR CONTENTS TITLES (CIRCLE ONE) ▼

**2**

**a**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name o  Country
OR { Citizen of ▶ _____
     Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?        ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
the answer to either o these questions is "Yes, see detailed instructions

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NOTE**

Under the law, the "author o a "work made or hire  is generally the employer, not the employee (see instructions)  or any part o  this work that was "made  or hire, check "Yes in the space provided, give the employer (or other person or whom the work was prepared) as "Author o that part, and leave the space  or dates o  birth and death blank

**b**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name o  Country
OR { Citizen of ▶ _____
     Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?        ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
the answer to either o these questions is "Yes, see detailed instructions

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name o  Country
OR { Citizen of ▶ _____
     Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?        ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
the answer to either o these questions is "Yes, see detailed instructions

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3**

**a**  YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
This in ormation must be given in all cases.
Year ▶

**b**  DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this in ormation ONLY i  this work has been published.
Month ▶ _____ Day ▶ _____ Year ▶ _____
Nation ▶

**4**

**a**  COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

See instructions be ore completing this space

**b**  TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE
OFFICE USE ONLY

APPL CAT ON RECE VED

ONE DEPOS T RECE VED

TWO DEPOS TS RECE VED

FUNDS RECE VED

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side o  this page
• See detailed instructions          • Sign the  orm at line 8

DO NOT WRITE HERE

Page 1 o ____ pages

| EXAMINED BY | FORM  SR |
| --- | --- |
| CHECKED BY | |
| CORRESPONDENCE ❑ Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

❑ **Yes**  ❑ **No**  If your answer is "Yes," why is another registration being sought? (Check appropriate box)▼

**a.** ❑ This work was previously registered in unpublished form and now has been published for the first time.

**b.** ❑ This is the first application submitted by this author as copyright claimant.

**c.** ❑ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION**

**Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**

**Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**6**

See instructions be ore completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a deposit account established in the Copyright Office, give name and number of account.

**Name** ▼          **Account Number** ▼

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/Zip ▼

**b**

Area code and daytime telephone number          (          )          Fax number          (          )

Email

**7**

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

Check only one ▼

❑ author          ❑ owner of exclusive right(s)

❑ other copyright claimant          ❑ authorized agent of _____

Name o  author or other copyright claimant, or owner o  exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

_____          Date _____

Handwritten signature ▼

**8**

| | |
| --- | --- |
| Certificate will be mailed in window envelope to this address: | Name ▼ |
| | Number/Street/Apt ▼ |
| | City/State/Zip ▼ |

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application  orm
2. Nonrefundable filing fee in check or mon-ey order payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Library o  Congress
Copyright O fice-SR
101  ndependence Avenue SE
Washington, DC 20559

**9**

\*17 U S C  §506(e)  Any person who knowingly makes a  alse representation o  a material  act in the application  or copyright registration provided  or by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500



# Form SR

*Detach and read these instructions before completing this form.*
*Make sure all applicable spaces have been filled in before you return this form.*

## BASIC INFORMATION

**When to Use This Form:** Use Form SR for registration of published or unpublished sound recordings. Form SR should be used when the copyright claim is limited to the sound recording itself, and it may also be used where the same copyright claimant is seeking simultaneous registration of the underlying musical, dramatic, or literary work embodied in the phonorecord.

With one exception, "sound recordings" are works that result from the fixation of a series of musical, spoken, or other sounds. The exception is for the audio portions of audiovisual works, such as a motion picture soundtrack or an audio cassette accompanying a filmstrip. These are considered a part of the audiovisual work as a whole.

**Deposit to Accompany Application:** An application for copyright registration must be accompanied by a deposit consisting of phonorecords representing the entire work for which registration is to be made.

**Unpublished Work:** Deposit one complete phonorecord.

**Published Work:** Deposit two complete phonorecords of the best edition, together with "any printed or other visually perceptible material" published with the phonorecords.

**Work First Published Outside the United States:** Deposit one complete phonorecord of the first foreign edition.

**Contribution to a Collective Work:** Deposit one complete phonorecord of the best edition of the collective work.

**The Copyright Notice:** Before March 1, 1989, the use of copyright notice was mandatory on all published works, and any work first published before that date should have carried a notice. For works first published on and after March 1, 1989, use of the copyright notice is optional. For more information about copyright notice, see Circular 3, *Copyright Notices*.

**For Further Information:** To speak to a Copyright Office staff member, call (202) 707-3000 or 1-877-476-0778. Recorded information is available 24 hours a day. Order forms and other publications from Library of Congress, Copyright Office-COPUBS, 101 Independence Avenue SE, Washington, DC 20559 or call the Forms and Publications Hotline at (202) 707-9100. Access and download circulars and other information from the Copyright Office website at *www.copyright.gov*.

**PRIVACY ACT ADVISORY STATEMENT Required by the Privacy Act o  1974 (P.L. 93-579)**

he authority o  requesting this in ormation is title 17 U S C  §409 and §410  urnishing the requested in ormation is voluntary  But i  the in ormation is not  urnished, it may be necessary to delay o  re use registration and you may not be entitled to certain relie , remedies, and benefits provided in chapters 4 and 5 o  title 17 U S C

he principal uses o  the requested in ormation are the establishment and maintenance o  a public record and the examination o  the application  or compliance with the registration require-ments o  the copyright code

Other routine uses include public inspection and copying, preparation o  public indexes, prepara-tion o  public catalogs o  copyright registrations, and preparation o  search reports upon request

NO  E  No other advisory statement will be given in connection with this application  Please keep this statement and re er to it i  we communicate with you regarding this application

## LINE-BY-LINE INSTRUCTIONS

*Please type or print neatly using black ink. The form is used to produce the certificate.*

### 1 SPACE 1: Title

**Title of This Work:** Every work submitted for copyright registration must be given a title to identify that particular work. If the phonorecords or any accompanying printed material bears a title (or an identifying phrase that could serve as a title), transcribe that wording completely and exactly on the application. Indexing of the registration and future identification of the work may depend on the information you give here.

**Previous, Alternative, or Contents Titles:** Complete this space if there are any previous or alternative titles for the work under which someone searching for the registration might be likely to look, or under which a document pertaining to the work might be recorded. You may also give the individual contents titles, if any, in this space or you may use a Continuation Sheet (Form CON). Circle the term that describes the titles given.

### 2 SPACE 2: Author(s)

**General Instructions:** After reading these instructions, decide who are the "authors" of this work for copyright purposes. Then, unless the work is a "collective work," give the requested information about every "author" who contributed any appreciable amount of copyrightable matter to this version of the work. If you need further space, use additional Continuation Sheets. In the case of a collective work such as a collection of previously published or registered sound recordings, give information about the author of the collective work as a whole. If you are submitting this Form SR to cover the recorded musical, dramatic, or literary work as well as the sound recording itself, it is important for space 2 to include full information about the various authors of all of the material covered by the copyright claim, making clear the nature of each author's contribution.

**Name of Author:** The fullest form of the author's name should be given. Unless the work was "made for hire," the individual who actually created the work is its "author." In the case of a work made for hire, the statute provides that "the employer or other person for whom the work was prepared is considered the author."

**What Is a "Work Made for Hire"?** A "work made for hire" is defined as: (1) "a work prepared by an employee within the scope of his or her employment"; or (2) "a

work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." If you have checked "Yes" to indicate that the work was "made for hire," you must give the full legal name of the employer (or other person for whom the work was prepared). You may also include the name of the employee along with the name of the employer (for example: "Elster Record Co., employer for hire of John Ferguson").

**"Anonymous" or "Pseudonymous" Work:** An author's contribution to a work is "anonymous" if that author is not identified on the copies or phonorecords of the work. An author's contribution to a  work is "pseudonymous" if that author is identified on the copies or phonorecords under a fictitious name. If the work is "anonymous" you may: (1) leave the line blank; or (2) state "anonymous" on the line; or (3) reveal the author's identity. If the work is "pseudonymous" you may: (1) leave the line blank; or (2) give the pseudonym and identify it as such (for example: "Huntley Haverstock, pseudonym"); or (3) reveal the author's name, making clear which is the real name and which is the pseudonym (for example: "Judith Barton, whose pseudonym is Madeline Elster"). However, the citizenship or domicile of the author *must* be given in all cases.

**Dates of Birth and Death:** If the author is dead, the statute requires that the year of death be included in the application unless the work is anonymous or pseudony-mous. The author's birth date is optional, but is useful as a form of identification. Leave this space blank if the author's contribution was a "work made for hire."

**Author's Nationality or Domicile:** Give the country in which the author is a citizen, or the country in which the author is domiciled. Nationality or domicile *must* be given in all cases.

**Nature of Authorship:** Sound recording authorship is the performance, sound production, or both, that is fixed in the recording deposited for registration. De-scribe this authorship in space 2 as "sound recording." If the claim also covers the underlying work(s), include the appropriate authorship terms for each author, for example, "words," "music," "arrangement of music," or "text."

Generally, for the claim to cover both the sound recording and the underlying work(s), every author should have contributed to both the sound recording *and* the underlying work(s). If the claim includes artwork or photographs, include the appropriate term in the statement of authorship.

## 3 SPACE 3: Creation and Publication

**General Instructions:** Do not confuse "creation" with "publication." Every application for copyright registration must state "the year in which creation of the work was completed." Give the date and nation of first publication only if the work has been published.

**Creation:** Under the statute, a work is "created" when it is fixed in a copy or phonorecord for the first time. If a work has been prepared over a period of time, the part of the work existing in fixed form on a particular date constitutes the created work on that date. The date you give here should be the year in which the author completed the particular version for which registration is now being sought, even if other versions exist or if further changes or additions are planned.

**Publication:** The statute defines "publication" as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending"; a work is also "published" if there has been an "offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display." Give the full date (month, date, year) when, and the country where, publication first occurred. If first publication took place simultaneously in the United States and other countries, it is sufficient to state "U.S.A."

## 4 SPACE 4: Claimant(s)

**Name(s) and Address(es) of Copyright Claimant(s):** Give the name(s) and address(es) of the copyright claimant(s) in the work even if the claimant is the same as the author. Copyright in a work belongs initially to the author of the work (including, in the case of a work made for hire, the employer or other person for whom the work was prepared). The copyright claimant is either the author of the work or a person or organization to whom the copyright initially belonging to the author has been transferred.

**Transfer:** The statute provides that, if the copyright claimant is not the author, the application for registration must contain "a brief statement of how the claimant obtained ownership of the copyright." If any copyright claimant named in space 4a is not an author named in space 2, give a brief statement explaining how the claimant(s) obtained ownership of the copyright. Examples: "By written contract"; "Transfer of all rights by author"; "Assignment"; "By will." Do not attach transfer documents or other attachments or riders.

## 5 SPACE 5: Previous Registration

**General Instructions:** The questions in space 5 are intended to show whether an earlier registration has been made for this work and, if so, whether there is any basis for a new registration. As a rule, only one basic copyright registration can be made for the same version of a particular work.

**Same Version:** If this version is substantially the same as the work covered by a previous registration, a second registration is not generally possible unless: (1) the work has been registered in unpublished form and a second registration is now being sought to cover this first published edition; or (2) someone other than the author is identified as copyright claimant in the earlier registration and the author is now seeking registration in his or her own name. If either of these two exceptions applies, check the appropriate box and give the earlier registration number and date. Otherwise, do not submit Form SR. Instead, write the Copyright Office for information about supplementary registration or recordation of transfers of copyright ownership.

**Changed Version:** If the work has been changed and you are now seeking registration to cover the additions or revisions, check the last box in space 5, give the earlier registration number and date, and complete both parts of space 6 in accordance with the instructions below.

**Previous Registration Number and Date:** If more than one previous registration has been made for the work, give the number and date of the latest registration.

## 6 SPACE 6: Derivative Work or Compilation

**General Instructions:** Complete space 6 if this work is a "changed version," "compilation," or "derivative work," and if it incorporates one or more earlier works that have already been published or registered for copyright, or that have fallen into the public domain, or sound recordings that were fixed before February 15, 1972. A "compilation" is defined as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." A "derivative work" is "a work based on one or more preexisting works." Examples of derivative works include recordings reissued with substantial editorial revisions or abridgments of the recorded sounds, and recordings republished with new recorded material, or "any other form in which a work may be recast, transformed, or adapted." Derivative works also include works "consisting of editorial revisions, annotations, or other modifications" if these changes, as a whole, represent an original work of authorship.

**Preexisting Material (space 6a):** Complete this space *and* space 6b for derivative works. In this space identify the preexisting work that has been recast, transformed, or adapted. The preexisting work may be material that has been previously published, previously registered, or that is in the public domain. For example, the preexisting material might be: "1970 recording by Sperryville Symphony of Bach Double Concerto."

**Material Added to This Work (space 6b):** Give a brief, general statement of the **additional** new material covered by the copyright claim for which registration is sought. In the case of a derivative work, identify this new material. Examples: "Recorded performances on bands 1 and 3"; "Remixed sounds from original multitrack sound sources"; "New words, arrangement, and additional sounds." If the work is a compilation, give a brief, general statement describing both the material that has been compiled *and* the compilation itself. Example: "Compilation of 1938 recordings by various swing bands."

## 7,8,9 SPACE 7, 8, 9: Fee, Correspondence, Certification, Return Address

**Deposit Account:** If you maintain a deposit account in the Copyright Office, identify it in space 7a. Otherwise, leave the space blank and send the filing fee with your application and deposit. (See space 8 on form.) **Note:** Copyright Office fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000.

**Correspondence (space 7b):** Give the name, address, area code, telephone number, fax number, and email address (if available) of the person to be consulted if correspondence about this application becomes necessary.

**Certification (space 8):** This application cannot be accepted unless it bears the date and the *handwritten signature* of the author or other copyright claimant, or of the owner of exclusive right(s), or of the duly authorized agent of the author, claimant, or owner of exclusive right(s).

**Address for Return of Certificate (space 9):** The address box must be completed legibly since the certificate will be returned in a window envelope.

## MORE INFORMATION

**"Works":** "Works" are the basic subject matter of copyright; they are what authors create and copyright protects. The statute draws a sharp distinction between the "work" and "any material object in which the work is embodied."

**"Copies" and "Phonorecords":** These are the two types of material objects in which "works" are embodied. In general, "copies" are objects from which a work can be read or visually perceived, directly or with the aid of a machine or device, such as manuscripts, books, sheet music, film, and videotape. "Phonorecords" are objects embodying fixations of sounds, such as audio tapes and phonograph disks. For example, a song (the "work") can be reproduced in sheet music ("copies") or phonograph disks ("phonorecords"), or both.

**"Sound Recordings":** These are "works," not "copies" or "phonorecords." "Sound recordings" are "works that result from the fixation of a series of musical, spoken, or other sounds, but not including the sounds accompanying a motion picture or other audiovisual work." Example: When a record company issues a new release, the release will typically involve two distinct "works": the "musical work" that has been recorded, and the "sound recording" as a separate work in itself. The material objects that the record company sends out are "phonorecords": physical reproductions of both the "musical work" and the "sound recording."

**Should You File More Than One Application?** If your work consists of a recorded musical, dramatic, or literary work and if both that "work" and the sound recording as a separate "work" are eligible for registration, the application form you should file depends on the following:

**File Only Form SR if:** The copyright claimant is the same for both the musical, dramatic, or literary work and for the sound recording, and you are seeking a single registration to cover both of these "works."

**File Only Form PA (or Form TX) if:** You are seeking to register only the musical, dramatic, or literary work, not the sound recording. Form PA is appropriate for works of the performing arts; Form TX is for nondramatic literary works.

**Separate Applications Should Be Filed on Form PA (or Form TX) and on Form SR if:** (1) The copyright claimant for the musical, dramatic, or literary work is different from the copyright claimant for the sound recording; or (2) you prefer to have separate registrations for the musical, dramatic, or literary work and for the sound recording.

Copyright Office fees are subject to change.
For current fees, check the Copyright Office
website at *www.copyright.gov*, write the Copy-
right Office, or call (202) 707-3000.

**Form SR**
For a Sound Recording
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

SR _____ SRU _____

EFFECT VE DATE OF REG STRAT ON

_____
Month          Day          Year

**Privacy Act Notice:** Sections 408-410 of title 17 of the *United States Code* authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. §705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

TITLE OF THIS WORK ▼

_____

PREVIOUS, ALTERNATIVE, OR CONTENTS TITLES (CIRCLE ONE) ▼

**2**

**a**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name o  Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
the answer to either o these questions is "Yes, see detailed instructions

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NOTE**

Under the law, the "author o a "work made or hire  is generally the employer, not the employee (see instruc- tions)  or any part o  this work that was "made  or hire, check "Yes in the space provided, give the employer (or other person or whom the work was prepared) as "Author o  that part, and leave the space  or dates o  birth and death blank

**b**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name o  Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
the answer to either o these questions is "Yes, see detailed instructions

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name o  Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
the answer to either o these questions is "Yes, see detailed instructions

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3**

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED

This in ormation must be given in all cases.
Year ▶

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK

Complete this in ormation ONLY i  this work has been published.
Month ▶ _____ Day ▶ _____ Year ▶ _____
Nation ▶

**4**

**a** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

See instructions be ore completing this space

**b** TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE
OFFICE USE ONLY

APPL CAT ON RECE VED

ONE DEPOS T RECE VED

TWO DEPOS TS RECE VED

FUNDS RECE VED

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side o  this page
• See detailed instructions
• Sign the  orm at line 8

DO NOT WRITE HERE

Page 1 o ____ pages

EXAMINED BY _____   FORM SR

CHECKED BY _____

CORRESPONDENCE
❑ Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

❑ **Yes**   ❑ **No**   If your answer is "Yes," why is another registration being sought? (Check appropriate box)▼

**a.** ❑ This work was previously registered in unpublished form and now has been published for the first time.

**b.** ❑ This is the first application submitted by this author as copyright claimant.

**c.** ❑ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION**

**Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**

**Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**6**

See instructions
be ore completing
this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a deposit account established in the Copyright Office, give name and number of account.

**Name** ▼          **Account Number** ▼

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/Zip ▼

**b**

Area code and daytime telephone number          (          )          Fax number          (          )

Email

**7**

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

Check only one ▼

❑ author

❑ other copyright claimant

❑ owner of exclusive right(s)

❑ authorized agent of _____
Name o  author or other copyright claimant, or owner o  exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

_____   Date _____

Handwritten signature ▼

_____

**8**

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼

Number/Street/Apt ▼

City/State/Zip ▼

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application  orm
2. Nonrefundable filing fee in check or mon-
ey order payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Library o  Congress
Copyright O fice-SR
101  ndependence Avenue SE
Washington, DC 20559

**9**

\*17 U S C  §506(e)  Any person who knowingly makes a  alse representation o  a material  act in the application  or copyright registration provided  or by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500

LAW OFFICES OF

# *Aidala, Bertuna & Kamins, P.C.*

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
HON. JOHN LEVENTHAL (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
DIANA FABI SAMSON
ANDREA M. ARRIGO
MICHAEL DIBENEDETTO
TAYLOR FRIEDMAN

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118 - 13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

February 8, 2022

**VIA EMAIL**

Jonathan D. Davis, Esq.
Jonathan D. Davis, P.C.
1 Rockefeller Plaza, Suite 1712
New York, New York 10020

      Re:     *Nwosuocha v. Glover II et al., No. 1:21-cv-04047-VM*

Dear Mr. Davis:

      I write on behalf of the Plaintiff in response to Defendants' January 18, 2022 supplemental letter ("Supplemental Letter") in furtherance of the procedures described in Paragraph II.B of Judge Marrero's Individual Practices. For the reasons set forth below, Plaintiff disagrees with Defendants' characterization of his claims in the Supplemental Letter as "baseless," and intends to pursue those claims.

**I.**      **Plaintiff Has Standing to Sue for Copyright Infringement.**

      The Supplemental Letter repeats Defendants' point from their initial letter that Plaintiff lacks "technical standing" to bring this action due to an alleged failure to register his copyright in the composition underlying "Made in America." Defendants maintain their position that Plaintiff has only registered a copyright in the sound recording for "Made in America." Defendants remain mistaken in this regard.

      Defendants concede the point made in Plaintiff's January 12, 2022 reply letter ("Reply Letter") that sound recordings and compositions may be registered simultaneously on a Form SR (or its electronic equivalent), pursuant to U.S. Copyright Circular 56A. Defendants, however, argue that the registration applicable to "Made in America" failed to simultaneously register the underlying composition, allegedly because the registration's authorship description fails to include "words," "music," or "words and music." Assuming, *arguendo*, that Plaintiff's registration omitted a descriptor clarifying the full extent of his authorship, Defendants are nonetheless erroneous in their assertion that such an oversight by Plaintiff would be fatal to his standing. However, the nature of Plaintiff's registration is such that no further descriptors were required to register both the "Made in America" sound recording and its underlying composition.

- 1 -

Plaintiff's registration is for an unpublished collective work of sound recordings including "Made in America." In the registration, Plaintiff claims sole rights and permissions in the collective work, which necessarily subsumes every creative contribution appearing in the entire collective work, including every compositional element. *See* U.S. Copyright Office Compendium 509. Plaintiff's registration, on its face, therefore claims the composition underlying "Made in America," because "Made in America" is one of the sound recordings appearing in the collective work for which the registration claims sole rights and permissions. In this context, neither the additional descriptors suggested by Defendants nor any other descriptors were required for Plaintiff to validly register the sound recording and composition "Made in America" simultaneously.

## II.    Uploading "Made in America" to SoundCloud was not publication.

The Supplemental Letter argues that, "[b]ecause there is no copyright claim regarding your client's 'sound recording,' the issue of whether the 'Made in America' sound recording has been published is immaterial to your client's purported infringement claims." Defendants then nonetheless go on to address the "non-relevant issue" of publication by, once again, inaccurately characterizing Plaintiff's upload of "Made in America" to SoundCloud as publication for the purposes of copyright law. In fact, in their in their initial letter Defendants failed to cite authority in favor of this erroneous contention, as pointed out in the Reply Letter. Now, unable to deny the plain language in Circular 66 stating that streaming is not publication, Defendants vaguely assert that Plaintiff's Complaint alleges "more than just streaming." Defendants contend that the Complaint alleges "phonorecords were offered to multiple on-line services for public display/performance, which constitute publication," but Defendants do not and cannot cite a single allegation in the Complaint supporting this contention.

The only specific act of publication that Defendants will commit to alleging is Plaintiff's upload of "Made in America" to SoundCloud. Defendants' SoundCloud theory is that Plaintiff published "Made in America" because SoundCloud Go, a paid subscription tier of the otherwise free SoundCloud, offered users the ability to stream songs offline. Defendants contend that this was publication because, in enabling offline listening, SoundCloud Go allowed users to "copy and download songs" for offline use. Defendants appear to misunderstand the nature of offline streaming in general. SoundCloud Go's offline streaming feature did not enable users to "copy and download songs." For offline streaming, SoundCloud Go users retain no copy of the song file and are required to stream the song through SoundCloud's platform. A user is nonetheless unable to access the song independent of SoundCloud. Indeed, if users retained their own copy of the file, it would have been redundant to refer to listening to songs on SoundCloud Go as "offline" listening, because listening to a personally retained song file does not require cellular data or internet access. In sum, Defendants' SoundCloud theory fails to evince that Plaintiff offered the public retainable copies of "Made in America" pre-registration.

## III.    Plaintiff Has Alleged Access and Actionable Copying.

The Supplemental Letter attempts to rebut the substantial similarity shown in Dr. Swanson's report with the conclusory statement that "any lay listener could readily determine [the songs at issue] are neither 'strikingly similar' nor 'substantially similar.'" As such, Defendants

AIDALA, BERTUNA & KAMINS, P.C. • 546 FIFTH AVENUE, NEW YORK, NY, 10036 • T: 212-486-0011 • F: 212-750-8297 • WWW.AIDALALAW.COM

raise a question for a trier-of-fact. Defendants' conclusory argumentation about whether lay listeners would agree with Dr. Swanson's scientific conclusion does not merit response. Furthermore, Defendants' assertion that Plaintiff has plead "conclusory" assertions of striking similarity in the report of Dr. Swanson is devoid of merit.

## IV.    Plaintiff Will Consider Withdrawing Claims Against WMG and RCA.

Should the Defendants provide evidentiary proof and an affidavit in support of its contention that WMG and RCA are improper Defendants then Plaintiff will consider withdrawing the claims.

Very Truly Yours,

**AIDALA, BERTUNA & KAMINS, P.C.**

By:    /s/ Imran H. Ansari
         Imran H. Ansari, Esq.
         546 Fifth Avenue, 6th Floor
         New York, NY 10036
         T: (212) 486-0011
         F: (212) 750-8297
         iansari@aidalalaw.com

cc:    The Honorable Victor Marrero (Fax)
        Paul Maslo, Esq. (Email)
        Alex Spiro, Esq. (Email)
        Donald S. Zakarin, Esq. (Email)
        Ilene S. Farkas, Esq. (Email)

- 3 -