```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
EMELIKE NWOSUOCHA,                      :
                                        :
                  Plaintiff,            :     21 Civ. 04047 (VM)
                                        :
     - against -                        :     ORDER
                                        :
DONALD MCKINLEY GLOVER, II, et al.,     :
                                        :
                  Defendants.           :
---------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

On December 22, 2021, consistent with the Court's Individual Practices, counsel for defendants Donald McKinley Glover, II, Ludwig Emil Toms Goransson, Jeffrey Lamar Williams, Kobalt Music Publishing America, Inc. d/b/a Songs of Kobalt Music Publishing, RCA Records, Sony Music Entertainment, Young Stoner Life Publishing, LLC, Theory Entertainment LLC d/b/a 300 Entertainment, Atlantic Recording Corporation, Warner Music Group Corp., and Warner-Tamerlane Publishing Corp. (collectively, the "Initiating Defendants") sent counsel for plaintiff Emelike Nwosuocha ("Nwosuocha") a premotion letter identifying alleged deficiencies in the Complaint (Dkt. No. 1) that Nwosuocha filed in this action, and that allegedly would provide a basis supporting a motion to dismiss. (See Dkt. No. 72-1 at 1-4.) Defendants Songs of Universal, Inc. and Roc Nation Publishing LLC (together with the Initiating Defendants, "Defendants") joined in the Initiating Defendants' premotion letter on the same day. (See id. at 5-6.) On January 12, 2022, also consistent with the Court's Individual Practices, counsel for Nwosuocha sent a three-page letter in response,

opposing the grounds that Defendants stated in favor of the proposed motion. (See id. at 7-9.) On January 18, 2022, Defendants responded to Nwosuocha's January 12, 2022 letter, (see id. at 10-25), and Nwosuocha replied on February 8, 2022. (See id. at 26-28.) On February 18, 2022, the Court received a letter from Defendants requesting a premotion conference, asserting that the letter exchange did not resolve the dispute and thus failed to avoid motion practice at this stage of the proceedings. (See Dkt. No. 72.)

Upon review of all premotion letters, the Court is not persuaded that a premotion conference or further briefing is necessary to resolve the parties' dispute. In accordance with this Court's Individual Practices and Rule 7.1 of the Court's Local Rules, Defendants may file a motion to dismiss which shall not exceed three pages in length (single spaced, twelve-point font), unless, upon a party's request, the Court authorizes a larger number. The substance of such motion may not deviate materially from the basis for dismissal that Defendants stated in its initial premotion letter. In response, within seven (7) days of the filing of Defendants' motion, Nwosuocha may file its opposition, which may similarly not exceed three pages (single spaced, twelve-point font), opposing the motion. Defendants may file a three-page reply within seven (7) days of the filing of Nwosuocha's response.

**SO ORDERED.**

Dated:   New York, New York
         June 24, 2022

_____
Victor Marrero
U.S.D.J.