# EXHIBIT B



CIRCULAR
**56A**

Copyright Registration of
# Musical Compositions and Sound Recordings

This circular explains the difference, for copyright purposes, between musical compositions and sound recordings and provides information on registering both types of works either separately or on one application.

For specific information about this topic, see **Chapter 800** of the *Compendium of U.S. Copyright Practices*, Third Edition.[1] For registration of sound recordings that do not contain musical compositions, or for registration of sound recordings on a separate application from musical compositions, see **Circular 56**.

Sound recordings and musical compositions are considered two separate works for copyright purposes. Even though a sound recording is a derivative work of the underlying musical composition, a copyright in a sound recording is not the same as, or a substitute for, copyright in the underlying musical composition. The chart that follows demonstrates the differences between these two types of works.

|  | *Musical Compositions* | *Sound Recordings* |
|---|---|---|
| *What is it?* | Music (melody, rhythm, and/or harmony expressed in a system of musical notation) and accompanying words (lyrics) | Fixation of a series of sounds (e.g., a particular performance) |
| *Who is the author?* | Composers Lyricists Songwriters | Performers Producers Sound Engineers |
| *How is it fixed?* | Copy (sheet music, either print or digital such as pdf) Phonorecord (mp3, CD, LP) | Phonorecord (mp3, CD, LP) |



**United States Copyright Office**

| Does the owner have the exclusive right to... | Musical Compositions | Sound Recordings |
|---|---|---|
| reproduce the work? | Yes | Yes |
| prepare derivative works? | Yes | Yes |
| distribute the copies or phonorecords of the work to the public by sale or other transfer of ownership, or by rental, lease, or lending? | Yes | Yes |
| perform the work publicly? | Yes | Only by means of a digital audio transmission |
| display the work publicly? | Yes | No |

A registration for a musical composition covers the music and lyrics (if any) embodied in that composition, but it does not cover a recorded performance of that composition. Likewise, a registration for a sound recording of a performance does not cover the underlying musical composition. For example, the composition "Respect" and a recording of Aretha Franklin singing "Respect" are two distinct works. The composition itself (i.e., the music and lyrics) is a musical composition, and a recording of an artist performing that composition is a sound recording.

## Determining Whether a Musical Composition and a Sound Recording Can Be Registered with One Application

Since a musical composition and a sound recording are distinct works, separate registration applications generally should be submitted for each work. However, you may use one standard application to register a sound recording and an underlying musical composition when (1) the musical composition and sound recording are embodied in the same phonorecord and (2) the claimant for both the musical composition and sound recording are the same.

*Examples*

- When an artist performs and records a composition owned by someone else, the artist or artist's label (if appropriate) would submit an application for the recording only. For specific guidance, see *Copyright Registration of Sound Recordings* (**Circular 56**).

- When a songwriter creates a composition that someone else records, the songwriter or songwriter's publisher (if appropriate) would submit an application for the musical composition only. For specific guidance, see *Copyright Registration of Musical Compositions* (**Circular 50**).

- When a songwriter performs and records the songwriter's own composition, the songwriter may submit one application for both the composition and recording.

- When a record company owns both a composition and a recording of that composition, it may submit one application for both the composition and recording.

- When a record company owns both a composition and a recording of that composition,

and distributes the works to the public as both sheet music and an album at the time of registration, it should submit two separate applications, with a sheet music deposit for the music composition and a recording deposit for the sound recording.

Even though it is possible for some applicants described above to register the musical composition and sound recording on one application, it is very important to follow the instructions below in order to make sure both works are included on the application. Applicants may always choose to register sound recordings and musical compositions on separate applications.

**NOTE:** You may register one sound recording and the underlying musical composition using the Single Application, a streamlined version of the Standard Application, but only if you meet all three of the following conditions: (1) the composition and the sound recording are embodied in the same phonorecord, (2) the author is the only performer featured in the recording, and (3) the author is the only copyright owner of both works. For more information about these requirements and procedures, see *Using the Single Application* (**Circular 11**).

*Example:* Anne Smith submits a Single Application to register the sound recording and musical composition as the sole owner of copyright of both works. The deposit she submits is a recording of her solo performance of the composition.

## Completing the Online Application for Musical Compositions and Sound Recordings

Mistakes in applications lead to delays in registration, so it is important to complete the application accurately. Instructions for completing the Standard Application appear in the "help" text that accompanies the application. Here are some tips regarding common points of confusion when an application includes both a sound recording and a musical composition.

### Type of Work

At the beginning of the application, select the "Sound Recording" option on the "Type of Work" screen. The questions presented in the application are based on the type of work you select, and if you select the wrong option you will need to start over.



### Title



| Title of Work | Volume | Number | Issue Date | Type | Edit | Delete |
|---|---|---|---|---|---|---|
| Album Title | | | | Title of work being registered | ✎ | 🗑 |
| First Track Title | | | | Contents Title | ✎ | 🗑 |
| Next Track Title | | | | Contents Title | ✎ | 🗑 |
| Last Track Title | | | | Contents Title | ✎ | 🗑 |

Provide each title exactly as it appears on the work itself, identifying album and track titles using the title types as shown above. If you are registering one sound recording or one musical composition, enter one title as "Title of work being registered."

### Publication

- Publication occurs when phonorecords of a work are distributed to the public by sale; transfer of ownership; or by rental, lease, or lending. Offering to distribute phonorecords to a group of persons for the purpose of further distribution or the purpose of publicly performing the work also constitutes publication. A public performance does not—in and of itself—constitute publication.

- If the work has not been published, answer "no" to the publication question.

- If the work has been published, answer "yes" to the publication question and give the date when and nation where the phonorecords were first distributed to the public or first offered to a group of persons for further distribution or public performance.

### Year of Creation

- The year of creation is the year in which the version of the work to be registered was first fixed or recorded in any other tangible form. When a work is written or recorded over a period of time or constitutes a new version of an earlier work, give the year of completion of the final work or new version.

### Author

- On the Author screen, name the author(s) of the sound recording(s) and musical composition(s) being registered. The author of a sound recording is the performer(s) featured in the recording and/or the producer(s) who captured and/or manipulated or edited the sounds that appear in the final recording. The author of a musical composition is the person who created the music and/or lyrics.

- There is also the possibility that the sound recording (and/or musical composition) were works made for hire. The applicant, not the U.S. Copyright Office, must determine whether a work meets the statutory definition of a work made for hire. The two types of works that can be considered a work made for hire are: (1) works prepared by an employee within the scope of his or her employment; or (2) certain types of specially commissioned works, outlined in the statute, where the parties signed a written agreement that the work was a "work made for hire." If the work was created as a work made for hire, give the name of the employer, not the person who actually created the music and/or lyrics and sound recording. For more information on works made for hire, see *Works Made for Hire* (**Circular 30**).

### Claimant

- A sound recording and musical composition can only be registered together if the same person or entity is named as the copyright claimant for both works. For purposes of registration, the claimant may be the author of both the musical composition and the sound recording, or a party that owns the copyright in both works.

- If the claimant is not the author of either the musical composition or the sound recording, the applicant must also provide a transfer statement by checking one of the boxes (e.g., by written agreement, by inheritance, etc.) or by explaining how the claimant obtained the rights in the work in the space provided.

*Type of Authorship*

| | |
|---|---|
| **\***<br>**Author Created:**<br><br>☐  Sound recording<br><br>Check this box<br>to describe your<br>sound recording<br>authorship. | Help  **Other:** [        ]<br><br>Use this space to describe<br>the musical composition<br>authorship ("music," "lyrics,"<br>musical arrangement," etc.) |

*Limitation of Claim*

- Complete this space if the work being registered contains an appreciable amount of material that
  - » was previously published
  - » was previously registered with the U.S. Copyright Office
  - » is in the public domain
  - » is not owned by the claimant named in the application

Leave this space blank if the work does not contain an appreciable amount of any of this kind of material.

## Submitting the Works to the Copyright Office

To register your sound recording and musical composition, you must send the works to the Copyright Office. Once a deposit has been submitted, it becomes part of the public record and cannot be returned.

When registering a sound recording and musical composition that are unpublished or published solely in a digital form, the Copyright Office strongly encourages you to upload the deposit as a digital file through the online registration system instead of submitting a physical phonorecord, such as a CD, flash drive, or other physical storage device. Each file must be uploaded in an acceptable file format, and each uploaded file must not exceed 500 MB in size. You may compress the files to fit within that size limit.

When registering a sound recording and musical composition published in a physical format, such as a compact disc or LP, you should submit two copies of the work in the physical format, even if there is a corresponding digital version. To submit physical copies of your work after completing an online application, you should print a shipping slip from the bottom of the "Submit Your Work" screen and send the shipping slip and deposits in the same package to the address given on the shipping slip. To submit a physical copy (or copies) of your work with a paper application, complete Form SR and submit the deposit in the same package with the application and the filing fee.

If the sound recording has been published in the United States in multiple physical formats at the time of registration, you will need to comply with the "best edition" requirement by sending the two copies of the "best" edition. The "best" edition generally will be the highest quality edition that has been publicly distributed in the United States. The Library of Congress has identified hierarchical criteria for what constitutes the highest quality edition for sound recordings:

1. Compact disc
2. Vinyl disc
3. Open-reel tape
4. Cartridge tape
5. Cassette tape

For example, if the work was published both on compact disc and vinyl disc before the date of the deposit, you should submit two CDs rather than vinyl discs.

### Registering Multiple Musical Compositions and Sound Recordings on One Application

To register multiple sound recordings and musical compositions together on one application, they must qualify for group registration, as a collective work, or unit of publication. This section provides specific guidance for registering musical compositions and sound recordings using these methods. For more general information regarding multiple work registration, see *Multiple Works* (**Circular 34**).

#### *Group Registration of Unpublished Works*

An applicant may register up to ten unpublished sound recordings and the underlying musical works using the online group registration option, provided that the musical compositions and sound recordings were created by the same author or authors and all of the authors are named as copyright claimants.

When registering multiple musical works and sound recordings using the group registration option, provide a title for each of the individual works within the collection.

> *Example One*
> Three unpublished compositions were written and performed by Jim, Pam, and Dwight. Assuming there was no transfer of ownership, the authors and owners of all three compositions and sound recordings are the same, and the compositions may be registered using the group registration option.

> *Example Two*
> Three unpublished compositions were written by Jim and Dwight: Composition 1 was performed by Jim; Composition 2 was performed by Jim; Composition 3 was performed by Dwight. Jim and Dwight may register the three unpublished compositions, but not the three sound recordings, on one group application. Jim may register the sound recordings for Composition 1 and Composition 2 on one group application, while Dwight registers the sound recording for Composition 3 on a separate application.

#### *Collective Work*

A collective work is a compilation in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole. The "authorship" in a collective work comes from the original selection, coordination, and arrangement of the independent works included in the collective work.

Under the Copyright Act, a collective work is considered one work for purposes of registration. A registration for a collective work covers the copyrightable authorship in the selection, coordination, or arrangement of the work. A registration for a collective work also covers the individual copyrightable works that are contained within the collective work if (1) the collective work and the individual works are owned by the same party, (2) the individual works have not been previously published or previously registered, and (3) the individual works are not in the public domain.

Accordingly, an applicant may use one application to register a number of musical compositions and sound recordings as a collective work if the applicant owns the musical compositions and sound recordings, selected and arranged the musical compositions and sound recordings into a collective whole, and the musical compositions and sound recordings have not been previously published or previously registered.

For example, a CD album with multiple tracks that embody musical compositions and sound recordings is considered a collective work. If the person or entity selecting, coordinating, or arranging the musical compositions and sound recordings on the album also owns the sound recordings, which were not previously published or registered, then the album and sound recordings may be registered with one application as a collective work. If that party also owns the musical compositions, which were not previously published or registered, then the collective work registration would also extend to the musical compositions.

By contrast, if the copyright owner of the musical composition is not the copyright owner of the sound recordings, the musical compositions and sound recordings must be registered separately. If an author only selects or arranges the songs on an album, but is not the copyright owner of the component sound recordings or the musical compositions, or if those recordings or compositions were previously published or registered, that author may still file an application for a collective work covering only the selection, coordination, and arrangement of the songs on the album. This might occur, for example, in the case of a "best of" album or a movie soundtrack album. But in this situation, the registration in the collective work would not extend to the individual sound recordings or the musical compositions on the album.

> *Example*
> An artist wrote and performed multiple tracks for a published album and determined how to arrange the compositions on the album. The artist can register this work on one application as a collective work. The claim may include the individual musical compositions and sound recordings as well as the selection, coordination, and arrangement of the tracks on the album.

### Unit of Publication

The Copyright Office has a narrow registration accommodation for units of publication. A unit of publication is a physical package that contains a number of separately fixed works that have been physically bundled together for distribution to the public as a single, integrated unit. The unit of publication accommodation is meant to solve a very particular problem: the burdens that would arise if applicants were required to submit, and the Office were required to process, multiple copies of the same product in order to register different copyrightable elements of that product.

An applicant may register a number of works as a unit of publication only if:

- All of the copyrightable elements are recognizable as self-contained works.

- All of the works claimed in the application are first published as a single unit on the same date.

- The copyright claimant for all of the works claimed in the unit is the same.

- The unit and all of the works within the unit are distributed in a physical format.

- The unit contains an actual physical copy or phonorecord of all the works.

- The unit is distributed to the general public.

In the context of music albums, a registration relying on the unit of publication option may also extend to the copyrightable text, artwork, and photographs that appear in the liner notes for the unit. When registering these types of works, include a brief statement describing the works in the "Other" field on the Author screen using the specific terms, such as "artwork," "photographs," and "text of liner notes." Please note that names and titles of tracks are not copyrightable so the applicant should not assert a claim in "text of liner notes" if the names and titles of tracks are the only text present in the unit of publication.

All of the above-mentioned conditions must be met for an applicant to use the unit of publication option. If any of the compositions were published individually, and not within the unit of publication, then the unit of publication option cannot be used to register those works. Similarly, an applicant cannot use the unit of publication option if the tracks, cover art, and/or liner notes are owned by different parties, or if one or more of the works was published on a different date or in a different unit of publication.

*Example*

A CD album with two tracks that embody musical compositions and sound recordings along with an insert containing text and artwork is considered a unit of publication when they are distributed to the general public as a single, integrated unit. If the copyright owner of the text and artwork is the same as the copyright owner of the two musical compositions and sound recordings, the musical compositions, sound recordings, text and artwork may be registered together with one application.

**NOTE**

1. This circular is intended as an overview of the distinction between musical compositions and sound recordings. The authoritative source for U.S. copyright law is the Copyright Act, codified in Title 17 of the *United States Code*. Copyright Office regulations are codified in Title 37 of the *Code of Federal Regulations*. Copyright Office practices and procedures are summarized in the third edition of the *Compendium of U.S. Copyright Office Practices*, cited as the *Compendium*. The copyright law, regulations, and the *Compendium* are available on the Copyright Office website at **www.copyright.gov**.

## For Further Information

### By Internet

The copyright law, the *Compendium*, electronic registration, application forms, regulations, and related materials are available on the Copyright Office website at **www.copyright.gov**.

### By Email

To send an email inquiry, click the *Contact Us* link on the Copyright Office website.

### By Telephone

For general information, call the Copyright Public Information Office at (202) 707-3000 or 1-877-476-0778 (toll free). Staff members are on duty from 8:30 am to 5:00 pm, eastern time, Monday through Friday, except federal holidays. To request application forms or circulars by postal mail, call (202) 707-9100 or 1-877-476-0778 and leave a recorded message.

### By Regular Mail

Write to
      Library of Congress
      U.S. Copyright Office
      Outreach and Education Section
      101 Independence Avenue, SE #6304
      Washington, DC 20559-6304