UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EMELIKE NWOSUOCHA,

                Plaintiff,       1:21-cv-04047 (VM)

        v.

DONALD MCKINLEY GLOVER, II, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' JOINT MOTION TO DISMISS THE COMPLAINT

JONATHAN D. DAVIS, P.C.
1 Rockefeller Plaza, Suite 1712
New York, New York 10020
(212) 687-5464

*Attorneys for Defendants Donald McKinley Glover, II, Jefferey Lamar Williams, Kobalt Music Publishing America, Inc. d/b/a Songs of Kobalt Music Publishing, Sony Music Entertainment, Young Stoner Life Publishing, LLC, 300 Entertainment LLC (f//k/a Theory Entertainment LLC d/b/a 300 Entertainment), Atlantic Recording Corporation, and Warner-Tamerlane Publishing Corp.*

PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 326-0188
*Attorneys for Defendants Songs of Universal, Inc.*

QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
*Attorneys for Defendant Roc Nation Publishing LLC d/b/a Songs of Roc Nation*

This memorandum of law is respectfully submitted, in accordance with the Order dated June 24, 2022, in support of Defendants' joint motion under Fed. R. Civ. P. 12(b)(6) for an order: (1) dismissing the Complaint [Dkt. No. 1] because neither the musical composition "Made in America" ("Plaintiff's Composition"), nor the music video embodying Plaintiff's Composition ("Plaintiff's Video"), is registered with the United States Copyright Office, which is a prerequisite to filing a copyright claim; or, alternatively, (2) dismissing the copyright infringement claim for failure to adequately plead "access" or "substantial similarity" between Plaintiff's Composition and "This is America" (the "Challenged Composition").[1]

Plaintiff alleges he composed and recorded Plaintiff's Composition in September 2016. Compl., ¶¶4, 32. On September 11, 2016, Plaintiff's Composition was released "for widespread public listening" through the "popular streaming platform Soundcloud, where end users were allowed to listen … as a free stream." *Id*., ¶¶4, 40. Plaintiff's Video was originally released on YouTube. *Id*., ¶4. In 2017, Plaintiff obtained a copyright registration for an *unpublished* collection of *sound recordings*, including a sound recording embodying Plaintiff's Composition ("Plaintiff's Recording"). *Id*., ¶¶1, 4-5, 32-36; Ex. B. On May 6, 2018, Defendant Glover allegedly released the Challenged Composition, *id.*, ¶19, and the music video embodying the Challenged Composition was subsequently "uploaded to [the] 'Donald Glover' official YouTube channel for public streaming." *Id*., ¶45.

The crux of Plaintiff's claim concerns Glover's "vocal performance of the rapping of the chorus' lyrics," which Plaintiff alleges "employ[s] a distinct and unique vocal cadence, delivery, rhythm, timing, phrasing, meter and/or pattern – or a 'flow[.]'" *Id*., ¶¶39-41. The Complaint alleges the "distinctive flow employed in … the [Challenged Composition's] chorus … is unmistakably substantially similar, if not practically identical, to the distinct and unique flow that was employed by [Plaintiff] in recording his vocal performance of his rapping of the hook to [Plaintiff's Composition]." *Id.* Plaintiff cannot claim infringement of the performance elements in Plaintiff's Recording, as a sound recording infringement must be based on the copying of the sounds fixed in that recording, which is nowhere alleged here. 17 U.S.C § 114(b).

A complaint's dismissal is warranted if it fails to plead allegations which, if accepted as true, state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In copyright infringement actions, Courts regularly examine the works at issue on a motion to dismiss to determine substantial similarity as a matter of law, as the works themselves supersede any contrary descriptions of them in the pleadings. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010); *McDonald v. West,* 138 F. Supp. 3d 448, 453 (S.D.N.Y. 2015), *aff'd*, No. 15-3489-cv (2d Cir. Oct. 7, 2016) (Summary Order).

### I. Plaintiff Failed to Register the Copyright For His Composition Before Filing Suit

A copyright registration is an indispensable prerequisite to having the right to file a copyright infringement claim. 17 U.S.C. § 411(a); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019). Courts are compelled to dismiss copyright actions for failure to register. *See, e.g.*, *Howard v. 3, 6 Mafia*, 20-CV-6116 (LLS), 2021 WL 3146250

---

[1] Plaintiff alternates between alleging the works at issue have "substantial similarities" (Compl., ¶¶2, 39, 41, 43, 44, 52, 53, 83) and "striking similarities" or "strikingly substantial similarities" (Compl., ¶¶42, 49). Plaintiff's Video is available at https://www.youtube.com/watch?v=C7zL_OE7gnM. The music video embodying the Challenged Composition is available at https://www.youtube.com/watch?v=VYOjWnS4cMY. A copy of the Complaint is attached as Ex. A to the Declaration of Jonathan D. Davis ("Davis Decl.").

1

(S.D.N.Y. July 23, 2021); *Xclusive-Lee, Inc. v. Hadid*, 19-CV-520 (PKC) (CLP), 2019 WL 3281013 (E.D.N.Y. July 18, 2019).

Plaintiff cannot sue for infringement because he failed to register the copyright for Plaintiff's Composition.[2] Plaintiff's Certificate of Registration (Complaint, Ex. B) is for a *sound recording* and thus limits his authorship to the "sound recording"; it lacks the additional description needed to claim a copyright in the underlying *musical composition.* The Certificate of Registration, at most, protects Plaintiff's Recording, and not the work alleged to be infringed – Plaintiff's Composition. Therefore, Plaintiff's claim should be dismissed.

## II.   Plaintiff Has Not Pled Actionable Copying

Plaintiff's infringement claim should also be dismissed because he has failed to allege actionable copying of constituent, original elements of Plaintiff's Composition. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Actual copying requires proof: (1) that defendant had access to the copyrighted work, and (2) that substantial similarities exist between *protectable elements* of the works at issue. *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020); *Pyatt v. Raymond*, No. 10 Civ. 8764(CM), 2011 WL 2078531, at *4-5 (S.D.N.Y. May 19, 2011), *aff'd*, F. App'x. 22 (2d Cir. 2012); *Arica Inst., Inc. v. Palmer*, 761 F. Supp. 1056, 1064 (S.D.N.Y. 1991); *see also Clanton v. UMG Recordings, Inc.,* 20-cv-5841 (LJL), 2021 WL 3621784, at *3 (S.D.N.Y. Aug. 16, 2021).

### A.   Plaintiff Fails to Allege Access

Plaintiff has failed to allege that any of the creators of the Challenged Composition had access to his work. No direct evidence of actual copying is alleged. Thus, Plaintiff must allege copying by detailing: (1) a particular chain of events by which a defendant gained access to his work, or (2) specific facts showing his work was widely disseminated. *Clanton*, 2021 WL 3621784, at *3. Access requires a "reasonable possibility" of one of the creators having listened to the work, not a "bare possibility," speculation or conjecture. *Id*.

But Plaintiff does not allege that any Defendant had access to his work. Rather, Plaintiff simply speculates that because his work was posted to streaming services, such as Spotify and YouTube (along with tens of millions of other works), that perhaps one of the Defendants may have listened to it. Courts have routinely held that the mere availability of a composition on the Internet is not sufficient to establish access to a work, *and this is Plaintiff's sole allegation of access*. *See Clanton*, 2021 WL 3621784, at *3 (dismissing claim because posting a song on the "internet is insufficient on its own to show [access through] 'wide dissemination'"); *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008) ("[T]he mere fact that [plaintiff's] work was posted on the internet prior to the creation of defendants' work is insufficient by itself to demonstrate wide dissemination."). Plaintiff's allegation that his work was available "on major streaming platforms for widespread public listening" to all "Defendants" fails to plead "access" as a matter of law. Compl., ¶40; *Clanton*, 2021 WL 3621784, at *3. This pleading failure alone mandates dismissal of the Complaint.

---

[2] Defendants describe in ECF Dkt. Nos. 72 and 72-1 why Plaintiff is barred from pursuing this action, namely the alleged registration covers only Plaintiff's Recording, and not Plaintiff's Composition. [ECF Dkt. No. 1, Ex. B.] Defendants incorporate those arguments herein.

### B. The Works Are Not Substantially Similar

The Complaint should also be dismissed for lack of substantial similarity. A court "may evaluate a question of substantial similarity at the motion to dismiss stage … because what is required is only a visual [or aural] comparison of the works."[3] *McDonald*, 138 F. Supp. 3d at 454. Dismissal is warranted when "the similarity between the two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find … substantial[] similar[ity]." *Gaito*, 602 F.3d at 63; *see, e.g.*, *Buckman v. Citicorp*, No. 95 Civ. 0773 (MBM), 1996 WL 34158, at *3 (S.D.N.Y. Jan. 30, 1996); *Lane v. Knowles-Carter*, No. 14 Civ. 6798 (PAE), 2015 WL 6395940, at *4-7 (S.D.N.Y. Oct. 21, 2015); *Edwards*, 22 F. Supp. 3d at 298-301; *Pyatt*, 2011 WL 2078531, at *6-10.[4] Concepts or commonplace, unoriginal expression cannot be infringed as a matter of law. *See Guity v. Santos*, 18-cv-10387 (PKC), 2019 WL 6619217, at *5 (S.D.N.Y. Dec. 5, 2019), *recons. den.*, 18-cv-10387 (PKC), 2020 WL 4340417 (S.D.N.Y. July 28, 2020); *Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274, 282 (S.D.N.Y. 1991) (common song structures, harmonic progressions, and rhythms are unprotectable). Neither can the "basic buildings blocks of music, including tempo and individual notes[,]" nor "[w]ords and short phrases, including titles and slogans." *McDonald*, 138 F. Supp. 3d at 454.

Plaintiff's claim is based on the supposed lyrical, rhythmic, and thematic "similarities" between the songs at issue. Compl., ¶¶40-41. However, the alleged "similarities" are either starkly different (as in the lyrics) and/or consist of nothing more than non-copyrightable material.

First, a comparison of the lyrics identified by Plaintiff shows that the only similarity is the unprotectable word "America," but "[w]ords and short phrases such as names, titles and slogans" are not copyrightable. 37 C.F.R. §202.1(a); *see, e.g.*, *McDonald*, 138 F. Supp. 3d at 456, *aff'd*, 669 F. App'x. 59 (affirming dismissal of copyright claim based on the phrase "Made in America", which "is a well-known part of the national vernacular"); *Peters v. West*, 692 F.3d 629, 631, 635 (7th Cir. 2012) (affirming dismissal where phrase at issue was "repeatedly invoked in song lyrics over the past century"); *Chapman v. Universal Motown Records Grp.*, No. 08 Civ. 3255 (LAP), 2010 WL 517480, at *4 (S.D.N.Y. Feb. 4, 2010). Multiple songs have been titled or incorporated the lyrics "made in America" before Plaintiff's Composition. Davis Decl., ¶¶4-10; Exs. B, C, D, E, F, G, H. Nor is repetition of a common element in music protectible. *See, e.g.*, *Edwards*, 22 F. Supp. 3d at 300; *see also Hobbs v. John*, 722 F.3d 1089, 1096 (7th Cir. 2013); *Gray v. Perry*, No. 2:15-CV-05642-CAS-JCx, 2020 WL 1275221, at *5 (C.D. Cal. Mar. 16, 2020).

Second, Plaintiff's reliance on allegedly similar cadence, rhythm, "triplet flow," or vocal "utterances" performed within "20 beats per minute" of each other is insufficient to allege

---

[3] The "ordinary observer" test compares the "total concept and overall feel" of two songs "as instructed by [a judge's] good eyes and common sense[,]" *Edwards v. Raymond*, 22 F. Supp. 3d 293, 300-01 (S.D.N.Y. 2014), and "eliminate[s] the unprotectable elements from consideration and compar[es] only the protectable elements for substantial similarity." *Lone Wolf McQuade Assocs. v. CBS Inc.*, 961 F. Supp. 587, 592 (S.D.N.Y. 1997).

[4] Plaintiff's inability to plead direct copyright infringement requires dismissal of his purported claims for contributory and vicarious infringement. *See Alexander v. Murdoch*, No. 10 Civ. 5613 (PAC)(JCF), 2011 WL 2802899, at *17 (S.D.N.Y. May 27, 2011); *Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 40 (2d Cir. 2005). Moreover, the allegations for these claims are conclusory, rendering them implausible claims. Compl., ¶¶86-87; *see, e.g.*, *Hartmann v. Amazon.com, Inc.*, 20 Civ. 4928 (PAE), 2021 WL 3683510, at * 9 (S.D.N.Y. Aug. 19, 2021).

infringement.[5] Compl., Ex. D at 9, 11; *McDonald*, 138 F. Supp. 3d at 457-58 (finding no substantial similarity where songs at issue used vocal ad libs, a similar feel and tone, *tempos within three beats per minute of each other*, percussion, melisma, melodic eight-bar sections, and "made in America" or "we made it in America"). To the extent Plaintiff's claims are based on the vocal style or performance of the chorus, this non-compositional element is outside the scope of any compositional registration. *Rose v. Hewson*, 17cv1471 (DLC), 2018 WL 626350, at *7 (S.D.N.Y. Jan. 30, 2018) ("In … alleging infringement of a musical composition, a court … does not consider elements of performance of the composition"). Accordingly, no one can own a "flow."

An "ordinary observer" can also hear the differences in the rhythm of the respective choruses. Plaintiff's Composition begins with a pick-up note on the lyric "I'm." The words "made in America" (in the phrase "I'm made in America") are rapped starting on beat 4. The words "making America" (in the phrase "Making America great again") are rapped on beat 2. Davis Decl., Ex. I. In contrast, the entirely different lyrics "This is America" have no pick-up note and are rapped on beat 2. The chorus's first and third beat contain a full rest, with no words rapped.[6] Davis Decl., Ex. J. But even if the lyrical phrases were rapped identically, the performance technique of "triplet rhythm" is not protectable, not original to Plaintiff, common in trap music, and certainly not owned by Plaintiff.[7] *See Hewson,* 2018 WL 626350, at *7 ("general rhythmic style" not protectable); *Guity v. Santos*, *Edwards*, 22 F. *Morrill v. Stefani*, 338 F. Supp. 3d 1051, 1061 (C.D. Cal. 2018); *McDonald*, 138 F. Supp. 3d at 454; *Lane*, 2015 WL 6395940, at *5; *Intersong-USA*, 757 F. Supp. at 282 (common song structures, harmonic progressions, and rhythms are unprotectable); *Hobbs*, 722 F.3d at 1096 ; *Gray*, 2020 WL 1275221, at *5.

Third, the Complaint does not allege that either song's musical notes or instrumentation are substantially similar. Any "ordinary observer" can hear the marked differences in their overall musical impression. Plaintiff's Composition contains no melody, is entirely rapped with only a looped background track, and is intermixed with a sample from the movie *Carlito's Way*. It is performed in C minor and has a fast tempo. In contrast, the Challenged Composition is a combination of rapped verses and singing that is set to various melodies over more than three minutes. It is performed in F major and has a slower tempo. *See, e.g.*, *McDonald*, 138 F. Supp. 3d at 460; *Lane*, 2015 WL 6395940, at *8 (granting dismissal where "there [exist] a variety of beats,

---

[5] Compl., ¶¶2, 39, 41-42, and Ex. D at 15. A "triplet" is a "group of three notes to be performed in the time of two of the same kind, or in the time of any number of another kind." *See* 25 THE NEW GROVE DICTIONARY OF MUSIC AND MUSICIANS 745 (Stanley Sadie ed., 2d ed. 2001). A "triplet flow" is commonly used in "trap" music, a sub-genre of hip hop that originated in the early 1990s. *Trap Music*, Wikipedia, https://en.wikipedia.org/wiki/Trap_music (last visited September 2, 2022). "In trap music, lyrical themes must revolve around street life, acquiring wealth, violence, American vehicles, and life experiences that artists have faced in their southern American surroundings." *Id.*

[6] The performance of the phrase "made in America" in Plaintiff's Recording is identical in every iteration, but there are three different performances of the phrase "This is America" in the Glover recording. (The first occurs at 0:49, 0:57, 1:54, and 2:00; the second occurs at 1:05; and the third occurs at 2:00.)

[7] "Triplet rhythm" has been used in multiple songs publicly released before Plaintiff's Recording in 2016. *See*, *e.g.*, *Bring The Noise* – Public Enemy (1987); *Deadly Verses* – Gangsta Pat (1995); *Sleep* – Triple Six Mafia (2000); *Versace* – Migos (2013); *The Language* – Drake (2013); and *All We Got* (feat. Kanye West & Chicago Children's Choir) – Chance the Rapper (2016).

instrumental samples, and supporting background vocal tracks … absent from [plaintiff's song].").

Fourth, the musical production in each work is different. Plaintiff's Composition is dominated by a synth xylophone with sub-bass and electronic drums. There are no other background rap or vocal performances. In contrast, the Challenged Composition is both sung and rapped, has no synth xylophone, and incorporates choir singing, shouted/rapped background vocals, synth lead, sub-bass, electronic drums, and acoustic percussion samples. *See*, *e.g.*, *McDonald*, 138 F. Supp. 3d at 460 (granting dismissal where "Plaintiff's minimalist music is played on an acoustic guitar … moves back and forth between the same two chords for the entire song" and "Defendants' richer instrumental consists primarily of synthesizer and samples ....").

Fifth, the structure of a musical composition is generally unprotectable, and no meaningful structural similarities are alleged or exist. *Tisi v. Patrick*, 97 F. Supp. 2d 539, 543 (S.D.N.Y. 2000); *Mayimba Music, Inc. v. Sony Corp. of Am.*, No. 12 Civ. 1094(AKH), 2014 WL 5334698, at *16-17 (S.D.N.Y. Aug. 19, 2014); *Intersong-USA*, 757 F. Supp. at 282. In this case, Plaintiff's Composition has an introduction, has three choruses with each followed by a verse, and concludes with an outro. In contrast, the Challenged Composition has an introduction, a pre-chorus, chorus, a verse pattern that repeats twice with different content, a final pre-chorus, and an outro.

Finally, Plaintiff relies heavily on supposed similar lyrical "themes." But themes, ideas, and concepts are unprotectable. 17 U.S.C. § 102(b); s*ee also DiTocco v. Riordan*, 815 F. Supp. 2d 655, 666 (S.D.N.Y. 2011); *Reyher v. Children's Television Workshop*, 533 F.2d 87, 91 (2d Cir. 1976); *Lewinson v. Henry Holt and Co., LLC*, 659 F. Supp. 2d 547, 566 (S.D.N.Y. 2009); *Hudson v. Universal Studios, Inc.*, No. 04 Civ. 6997(GEL), 2008 WL 4701488, at *2 (S.D.N.Y. Oct. 23, 2008), *aff'd*, 369 F. App'x. 291 (2d Cir. 2010). A defendant also cannot infringe minor uses of *similar phrases*, which, as applied, are thematically different. *See May v. Sony Music Entm't*, 399 F. Supp. 3d 169, 188-89 (S.D.N.Y. 2019). Here, the supposed similar "lyrical themes" are expressed differently, and Plaintiff's allegation that the lyrics are "glaringly similar" is belied by a simple comparison. Compl. ¶40.

Specifically, Plaintiff's Composition is a short, simple, self-aggrandizing proclamation, with Plaintiff stating repeatedly: "I'm made in America." This mantra alerts rappers of Plaintiff's arrival ("2016 rappers? ... You should beware of this"), and his success ("I'm running the city … I'm making a milestone … You hearing my name though? Well don't wear it out … I'm killing the game"). Plaintiff's first verse addresses his "finesse" at making "move[s]" as a rapper, garnering him a "Black and [W]hite Benz." He boasts of his success, and that he's "killing the game and [he] got a tight grip and there won't be no evidence." He raps, "I OJ'ed the game," a likely reference to O.J. Simpson, who was acquitted of murder. In the second verse, Plaintiff similarly brags about his lyrical dexterity and popularity with women: "somersault the flow, pick up any ho, on any street." He attributes his success, and the envy it creates, to his record sales: "That's why the numbers count, I can always count / Especially on enemies." But in the end, he recognizes his celebrity and swagger pose dangers from the "Jakes" (*i.e.*, the police): "Heads up for the bullets that coming from the Jakes."

In contrast, the Challenged Composition is not about a rapper, but a complex clashing American landscape, anchored by the common phrase "This is America." The song provocatively addresses contemporary America, what America means and how it is perceived. It addresses facets of America, such as having fun and making money ("We just wanna party / Party just for you / We just want the money / Money just for you"); police misconduct ("Police be trippin' now"); gun

culture ("Guns in my area … / I gotta carry them"); materialism ("I'm so fitted … I'm on Gucci"); race and familial truth-telling ("Grandma, told me / Get your money, Black man …"); and drugs ("Contraband, contraband, contraband … I got the plug in Oaxaca").

The themes continue in the Chorus, which is cautionary and foreboding, expressing the need for people to pay attention to their surroundings ("This is America (Woo) / Don't catch you slippin' now"). The first verse launches into references about ostentatious lifestyles ("Look how I'm livin' now"), the attention that it can bring from police ("Police be trippin now"), and the ubiquity of guns ("Guns in my area …/ I got the strap …/ I gotta carry 'em"). In the Pre-Chorus, the song introduces race by declaring that "Grandma" told the narrator "Get your money, Black man." The second verse has a different riff on America. Here, the narrator is infatuated and proud of his appearance ("I'm so fitted … I'm on Gucci … I'm so pretty").

The Challenged Composition then shifts to a Pre-Chorus with a new narrator addressing "America," noting a debt that has not been paid, accompanied by voices encouraging the narrator to stake their claim, though the precise nature of the debt is left unstated ("America, I just checked my following list, and / You go tell somebody / You mothafuckas owe me"). The Challenged Composition then returns to the imperative "Grandma told me / Get your money, Black man…." The song ends with a provocative Outro addressing a Black man, reduced to "just a barcode," whose freedom is limited by forces beyond his control ("You just a big dawg, yeah, I kenneled him in the backyard, No, probably ain't life to a dog, For a big dog").[8]

In sum, the lyrics at issue are different and express (unprotectable) themes that are different in meaning and content. The only similarity they share is a smattering of a few discrete themes (*e.g.*, money, making moves, and the police); one by a boastful rapper, the other by a narrator observing the American landscape. But none of this matters because themes are unprotectable, much less unique to Plaintiff's Composition.[9]

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint with prejudice and award such other relief as it deems just and proper.

Dated: September 9, 2022

JONATHAN D. DAVIS, P.C.

By: */s/ Jonathan D. Davis*
Jonathan D. Davis

PRYOR CASHMAN LLP

By: */s/ Ilene Farkas*
Ilene Farkas

---

[8] Leave to amend should be denied because discovery will not modify the songs at issue or cure Plaintiff's failure to properly register Plaintiff's Composition. *Castro v. Cusack*, 15-cv-6714 (ENV), 2019 WL 3385218, at *9 (E.D.N.Y. July 26, 2019).

[9] *See*, *e.g.*, *The Message* – Grandmaster Flash and the Furious Five (1982); *Fuck Tha Police* – N.W.A. (1988); *You Must Learn* – KRS One (1989); *White America* – Eminem (2002); *Never Let Me Down* – Kanye West featuring Jay Z and J Ivy (2004); *Reagan* – Killer Mike (2012); *Black Rage* – Lauryn Hill (2012); *Don't Shoot* – The Game (2014); and *We The People* – A Tribe Called Quest (2016).

|     | QUINN EMANUEL URQUHART & SULLIVAN LLP |
|-----|---------------------------------------|
| By: | */s/ Alex Spiro*                      |
|     | Alex Spiro                            |