# EXHIBIT D



UNITED STATES COPYRIGHT OFFICE

# COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES

THIRD EDITION



JANUARY 2021

### 509 Collective Works and Contributions to Collective Works

This Section provides the definition and a general discussion of collective works and contributions to collective works. For information concerning the Office's practices and procedures for evaluating the copyrightability of collective works, see Chapter 300, Section 312. For guidance in preparing an application to register a collective work or a contribution to a collective work, see Chapter 600, Sections 610.4, 613.8, 618.7, 620.8, and 621.8(D). For guidance in registering a catalog as a collective work, see Chapter 900, Section 915.

### 509.1 What Is a Collective Work?

A collective work is a type of compilation. The Copyright Act defines a collective work as "a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." 17 U.S.C. § 101. The statute also states that "[t]he term 'compilation' includes collective works." *Id*. (definition of "compilation"). Thus, collective works are subject to the statutory requirements for compilations: There must be a sufficiently creative selection, coordination, or arrangement of the component works to establish a collective work.

Creating a collective work requires the "assemblage or gathering of 'separate and independent works . . . into a collective whole.'" H.R. REP. NO. 94-1476, at 120, *reprinted in* 1976 U.S.C.C.A.N. 5659, 5736; S. REP. NO. 94-473, at 104 (omission in original). In other words, collective works contain two distinct forms of authorship:

- The compilation authorship in creating the collective work, which involves selecting, coordinating, and/or arranging a number of separate and independent works and assembling them into a collective whole; and

- The authorship in the separate and independent works included within the collective work, such as an article that appears in a periodical issue or a poem that appears in an anthology.

An applicant may register a collective work together with the separate and independent works contained therein (i) if the copyright in the collective work and the component works are owned by the same claimant, and (ii) if the component works have not been previously published, previously registered, and are not in the public domain.

By definition, a collective work must contain "a number of contributions." A work that contains "relatively few separate elements" does not satisfy this requirement, such as a work containing a single contribution, a composition that merely consists of words and music, a publication that merely combines a single work with illustrations or front matter, or a publication that merely contains three one-act plays. H.R. REP. NO. 94-1476, at 122, *reprinted in* 1976 U.S.C.C.A.N. at 5737; S. REP. NO. 94-473, at 105.

As a general rule, a contribution that is "incorporated in a 'collective work' must itself constitute a 'separate and independent' work." H.R. REP. NO. 94-1476, at 122, *reprinted in* 1976 U.S.C.C.A.N. at 5737; S. REP. NO. 94-473, at 105. In other words, a contribution must be an original work of authorship that is eligible for copyright protection under Section

102(a) of the Copyright Act, regardless of whether that contribution is currently protected or whether the copyright in that contribution has expired.

### 509.2 The Scope of the Copyright in a Collective Work

The "[c]opyright in each separate contribution to a collective work is distinct from copyright in the collective work as a whole." 17 U.S.C. § 201(c).

The "[c]opyright in the separate contribution 'vests initially in the author of the contribution.'" *New York Times Co. v. Tasini,* 533 U.S. 483, 494 (2001) (quoting 17 U.S.C. § 201(c)). The "[c]opyright in the collective work vests in the collective author" and it "extends only to the creative material contributed by that author, not to 'the preexisting material employed in the work.'" *Id.* at 494 (quoting 17 U.S.C. § 103(b)). Specifically, the copyright in the collective work "extend[s] to the elements of compilation and editing that went into [creating] the collective work as a whole." H.R. REP. NO. 94-1476, at 122, *reprinted in* 1976 U.S.C.C.A.N. at 5738; S. REP. NO. 94-473, at 106. In addition, it extends to "the contributions that were written for hire by employees of the owner of the collective work, and those copyrighted contributions that have been transferred in writing to the owner by their authors." H.R. REP. NO. 94-1476, at 122, *reprinted in* 1976 U.S.C.C.A.N. at 5738; S. REP. NO. 94-473, at 106.

An applicant may register a collective work together with the contributions contained therein (i) if the contributions and the collective work were created by the same author, or (ii) if the copyright in the contributions and the collective work are owned by the same claimant, (iii) provided that the contributions and the collective work have not been previously published or previously registered, and provided that they are not in the public domain. If the owner of the collective work does not own all rights in the copyright for a particular contribution, that party cannot register a claim to copyright in that contribution. Instead, the contribution must be registered individually by or on behalf of the author of the contribution or the party that owns the copyright in that work. *See Morris v. Business Concepts, Inc.*, 259 F.3d 65, 71 (2d Cir. 2001) ("Unless the copyright owner of a collective work also owns all the rights in a constituent part, a collective work registration will not extend to the constituent part."), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 160 (2010).

Collective works often contain previously published material, previously registered material, public domain material, or material owned by a third party. If a collective work contains an appreciable amount of unclaimable material, the applicant generally should limit the claim to the new material that the author contributed to the work and the unclaimable material should be excluded from the claim. For guidance on this procedure, see Chapter 600, Section 621.8(D).

The author of a collective work may claim copyright in an original selection, coordination, and/or arrangement of preexisting material, provided that the material has been used in a lawful manner. Section 103(a) of the Copyright Act states that the copyright in a compilation "does not extend to any part of the work" that "unlawfully" uses preexisting material, and as discussed above, the term "compilation" includes collective works. As discussed in Chapter 300, Section 313.6(B), this provision is intended to prevent "an infringer from benefiting, through copyright protection, from