UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| EMELIKE NWOSUOCHA, | : | |
| | : | |
| Plaintiff, | : | 1:21-cv-04047 (VM) |
| | : | |
| v. | : | |
| | : | |
| DONALD MCKINLEY GLOVER, II, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' JOINT MOTION TO DISMISS THE COMPLAINT**

JONATHAN D. DAVIS, P.C.
1 Rockefeller Plaza, Suite 1712
New York, New York 10020
(212) 687-5464

*Attorneys for Defendants Donald McKinley Glover, II, Jefferey Lamar Williams, Kobalt Music
Publishing America, Inc. d/b/a Songs of Kobalt Music Publishing, Sony Music Entertainment,
Young Stoner Life Publishing, LLC, 300 Entertainment LLC (f//k/a Theory Entertainment LLC
d/b/a 300 Entertainment), Atlantic Recording Corporation, and Warner-Tamerlane Publishing Corp.*

PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 326-0188
*Attorneys for Defendants Songs of Universal, Inc.*

QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
*Attorneys for Defendant Roc Nation Publishing LLC d/b/a Songs of Roc Nation*

Defendants respectfully submit this reply memorandum in further support of their motion to dismiss the Complaint. Plaintiff's opposition highlights the Complaint's weaknesses by making belated and immaterial arguments while glossing over those that matter. Plaintiff tries to salvage his deficient copyright registration by invoking, for the first time, a purported "safe harbor" that does not apply. Plaintiff fails to explain how the Complaint alleges "access" or "substantial similarity." He argues "striking similarity" as an alternative to "access," but does not even sufficiently allege "substantial similarity," or explain how he could meet that more stringent test. He also does not explain what Defendants copied, or how it was protectable or "substantially similar." The Complaint should be dismissed.

### I.   Plaintiff Failed to Register For Copyright Before Filing Suit

Registration is a prerequisite to file a copyright infringement claim, 17 U.S.C. § 411(a). Plaintiff's registration is for a sound recording copyright, not a composition. (Dkt. 92 at 2; Dkt. 91 at 1-2). He admits and tries to excuse the lack of registration by relying on *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 142 S. Ct. 941 (2022). But *Unicolors* is inapposite. It recognizes a "safe harbor" that may "save [an inaccurate] registration from invalidation," which applies only if the applicant "lack[s] knowledge" of an "inaccuracy" that is immaterial. *Id*. (citing 17 U.S.C. § 411(b)(1)). The issue here, however, is not invalidation of Plaintiff's registration, but simply, as the Supreme Court confirmed in *Unicolors*, that "registration" is "a prerequisite for bringing a 'civil action for infringement[,]'" and that "the application for registration should be accurate." *Id*. at 944. Because "there was no valid copyright registration" here, this Court should "dismiss[] the infringement claim." *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 230 (S.D.N.Y. 2012).

But even if the issue were invalidation, rather than registration, Plaintiff does not and cannot allege that he lacked knowledge that his registration did not cover the musical composition. (Dkt. 1 at 2.) Form SR's "LINE-BY-LINE INSTRUCTIONS" require an applicant to include the compositional and compilational description Plaintiff omitted. (Dkt. 72-1 at 10-11, 15, 17; Copyright Office Circular No. 56A at 3.) Plaintiff disregarded or ignored those instructions. Plaintiff was also equally aware that Plaintiff's Recording, which embodied Plaintiff's Composition, garnered hundreds of thousands of views after he published it on the Internet, even though his copyright registration mischaracterized Plaintiff's Recording as "unpublished." (*Id*. at 11-12.) Plaintiff cannot explain these errors. (Dkt. 92 at 1-2.) But again, unlike *Unicolors*, the issue here is registration, not invalidation of a registration. Plaintiff also fails to acknowledge that, even if this were a *Unicolors* issue, given the registration requirement for commencing infringement actions, the deficiencies above are not "immaterial" to excuse his defectively prepared and filed registration. (*Id*.) For these reasons, this Court should reject Plaintiff's belated effort to invoke the safe harbor.

### II.   Plaintiff Has Not Pled Actionable Copying

The Complaint's deficient allegations of copying supply an independent basis for dismissal. (Dkt. 92 at 2-6.) Actual copying requires Plaintiff to allege *both*: (1) access, and (2) substantial similarities between protectable elements of the works at issue. *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020). Plaintiff sidesteps both requirements.

### A. Plaintiff Fails to Allege Access

Plaintiff relegates his access arguments to a paragraph at the end of his filing where he simply dodges responding to his failure to sufficiently allege access, recognizing that his Internet-access theory is not plausible. (Dkt. 92 at 6.) Instead, Plaintiff belatedly contends that Plaintiff's Composition and the Challenged Composition are supposedly "strikingly similar," so that no proof of access is needed to sustain the Complaint. (*Id.*) But, as discussed below, the allegation of "striking similarity" is not plausible, and is not consistently alleged in the Complaint.[1] (Dkt. 91 at 1 n.1.) As explained below, under the "ordinary observer" test – where a district court must compare the songs' "total concept and overall feel" – the songs at issue lack "substantial similarity" – let alone "striking similarity." *Edwards v. Raymond*, 22 F. Supp. 3d 293, 297-301 (S.D.N.Y. 2014). No lay person would find them "strikingly similar," which is why the Complaint is conclusory and insupportable. (Dkt. 1 ¶¶ 41-42.) Importantly, the compositions at issue control the analysis, not labels arbitrarily applied by Plaintiff, his counsel, or his purported music expert. *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (stating "works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings"). The Complaint is dismissible for this reason.

### B. The Works Are Not "Substantially Similar"

Defendants' motion detailed that virtually nothing about the two works is alike and any overlap is attributable to unprotectable elements. (Dkt. 91 at 3-5.) Defendants methodically addressed each component – the lyrics, the "flow," the instrumentation, the production, structure, and themes – and demonstrated that the works are entirely dissimilar. (*Id.*) Unable to respond, Plaintiff instead uses labels, calling the analysis a "muddled and inconsistent cacophony of points." (Dkt. 92 at 3-4.) Plaintiff's authorities confirm that "a district court may resolve the question of substantial similarity … on a Rule 12(b)(6) motion." *Hines v. W Chappell Music Corp.*, 2021 WL 2333621, at *3 (S.D.N.Y. June 8, 2021). The Court should do just that and dismiss the Complaint.

Plaintiff still cannot identify what is supposedly similar between the works. The Complaint's vague references to "flow," "theme," "content" and "structure" (Dkt. 1 ¶¶ 39-41) are non-specific, and Plaintiff's opposition is unilluminating. (Dkt. 91 at 3-5.) Plaintiff has failed to articulate any coherent theory of infringement. (Dkt. 92 at 2-6; Dkt. 1 *passim*.) Instead, Plaintiff rewrites his Complaint, arguing "the crux" of his claim is "infringement between the hooks in Plaintiff's Composition" (Dkt. 92 at 3), whereas the Complaint focused on the "chorus." Beyond switching theories, Plaintiff nowhere explains *what* about "the hooks" is infringed. (Dkt. 1 ¶ 40.) Plaintiff later references "flow" (Dkt. 92 at 4), claiming Defendants copied Plaintiff's "distinct vocal rhythms produced by metrical and articulative choices" in the "composi[tion]." (*Id.* at 4.) Whatever Plaintiff may mean by this phrase, he fails to meaningfully defend the Complaint's deficient allegations about "flow." Those allegations fail for three independent reasons: (1) Plaintiff's performance-based, non-compositional element is outside a compositional copyright

---

[1] Plaintiff's invocation of an unpleaded "striking similarity" claim to substitute for access cannot coexist with his invention of an unpleaded "selection and arrangement" claim (which requires near identity of the unprotectable elements selected and arranged and numerosity of the elements, which are not pleaded or present). *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1074 (9th Cir. 2020), *cert denied*, 141 S. Ct. 453 (2020). Plaintiff is also wrong that the Second Circuit recognizes the "inverse relationship" rule, and the Ninth Circuit abandoned it in the *Skidmore* case.

(even if one were registered); (2) Glover's "flow" is actually different than Plaintiff's Composition and performed differently within the Challenged Composition; and (3) the ubiquitous use of "triplet flow" removes it from copyright protection. (Dkt. 91 at 3-5.)

As to the first point, Plaintiff claims his "flow" is not performance-based because it is "rhythmic" (Dkt. 92 at 4-5), but the rhythm occurs *in his performance*. Plaintiff merely assumes, without citation to the Complaint, a supporting document, or any authority, that these rhythms have a compositional component. Secondly, Plaintiff ignores the differences between the parties' respective "flows" detailed in the motion and relies, instead, on his conclusory assertion that there are "quantifiable similarities." (*Id.* at 5.) Finally, the "flow" alleged in the Complaint merely involves triplet notes – the "one-two-three" cadence that one hears in countless songs. *See*, *e.g.*, (Dkt. 1 ¶¶ 41, 49) (alleging "similarities" in "rhythmic triplet flow"); (Dkt. 1 Ex. D at 100) (expert opining that the "artists employ total triplet[s]"); (Dkt. 91 at 4 n.7) (collecting third-party song examples). This "general rhythmic style" is unprotectable. *Rose v. Hewson*, 2018 WL 626350, at *7 (S.D.N.Y. Jan. 30, 2018); (Dkt. 92 at 4.) Plaintiff feigns ignorance why Defendants offer multiple "triplet flow" song examples, and then he purports to manufacture originality by trumped up, fancy-worded descriptions to make a common music feature appear more complex than its common roots. (Dkt. 92 at 5) (characterizing "flow" as a "creative selection, combination, manipulation, and variance of syllabic rhythm, placement, length, arrangement, and structure").[2]

Because he cannot show that the works are "substantially similar," Plaintiff rotely cites his music expert's opinion. (Dkt. 92 at 3, 5.) But even his expert cannot provide a cogent explanation. Remarkably, Plaintiff cites authority undermining his purported opinion evidence: "expert … testimony is of questionable value in predicting whether a reasonable juror would find two works similar." *Pyatt*, 2006 WL 8440910, at *5. Even so, this Court can decide by its own aural comparison of the two works that it is not a close call to definitively conclude that they share no protectable elements. Thus, the opinion of an expert goes from "questionable" to valueless here because the expert does not and cannot meaningfully support his own opinion.[3]

Accordingly, the Complaint should be dismissed.

---

[2] The cases Plaintiff cite are distinguishable because, unlike here, they involve copying of a unique "combination" of "lyrics and melody," *Pyatt v. Jean*, 2006 WL 8440910, at *4 (E.D.N.Y. Aug. 29, 2006); *accord Glover v. Austin*, 289 F. App'x 430 (2d Cir. 2008); *Griffin v. Sheeran*, 351 F. Supp. 3d 492 (S.D.N.Y. 2019); *New Old Music Grp., Inc. v. Gottwald*, 122 F. Supp. 3d 78 (S.D.N.Y. 2015); *Levine v. McDonald's Corp.*, 735 F. Supp. 92 (S.D.N.Y. 1990); or a wholly original melody or presentation, *see, e.g.*, *Hines*, 2021 WL 2333621; *Consol. Music Pub., Inc. v. Ashley Pubs., Inc.*, 197 F. Supp. 17, 18 (S.D.N.Y. 1961). (Dkt. 92 at 5 and n.17). Plaintiff tries to rewrite the Complaint by his opposition to this motion to assert a "selection and arrangement" claim, even though none is alleged. *See In re Mylan N.V. Sec. Litig.*, 2018 WL 1595985, at *15 (S.D.N.Y. Mar. 28, 2018) ("Plaintiff's new-found theory of liability, raised for the first time in their opposition to Defendants' motion to dismiss, comes too late.").

[3] In six years on major streaming services, where it garnered hundreds of thousands of impressions, only three unidentified, unverified internet commenters purport to link Plaintiff's Composition to the Challenged Composition. (Dkt. 1 Ex. C.) Such *de minimis* hearsay should be rejected.

Dated: September 23, 2022

By: JONATHAN D. DAVIS, P.C.
*/s/ Jonathan D. Davis*
Jonathan D. Davis

By: PRYOR CASHMAN LLP
*/s/ Ilene Farkas*
Ilene Farkas

By: QUINN EMANUEL URQUHART & SULLIVAN LLP
*/s/ Alex Spiro*
Alex Spiro
Paul B. Maslo

4