# EXHIBIT A

**JONATHAN D. DAVIS, P.C.**
ATTORNEYS AT LAW

10 ROCKEFELLER PLAZA
SUITE 1015
NEW YORK, NEW YORK 10020

TEL: (212) 687-5464
FAX: (212) 697-2521
WWW.JDDAVISPC.COM

December 22, 2021

**VIA FIRST-CLASS MAIL/EMAIL/PDF**
Imran H. Ansari, Esq.
Aidala, Bertuna & Kamins, P.C.
546 Fifth Avenue
New York, New York 10036

Re: Nwosuocha v. Glover, et al. (Civ. Action No. 21-cv-04047)

Dear Mr. Ansari:

We write to you on behalf of our clients in the above-referenced action and pursuant to Paragraph II.B. of the Individual Practices of U.S. District Judge Victor Marrero to "set[] forth the specific … pleading deficiencies in the complaint and other reasons or controlling authorities" we contend "would warrant dismissal and that, if properly rectified, could avoid the filing of the motion."[1] This letter is in lieu of a filed response to the Complaint.

The Complaint has the following fatal deficiencies: (1) lack of standing to sue for copyright infringement of the musical composition "Made in America" ("Plaintiff's Composition");[2] (2) failure to plead access or "substantial similarity" between the works at issue; and (3) improperly including RCA Records ("RCA") and Warner Music Group Corp. ("WMG") as defendants.

**I.     Plaintiff Lacks Standing to Sue for Copyright Infringement**

A copyright registration is an indispensable prerequisite for standing to sue for copyright infringement. *See* 17 U.S.C. § 411(a); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (stating "registration is akin to an administrative exhaustion requirement … before suing to enforce ownership rights"). Musical compositions, sound recordings, and audiovisual works each require registration.

Plaintiff cannot pursue infringement claims against Defendants without a valid registration. The Complaint identifies only one registration, which is limited to an *unpublished* collection of *sound recordings*. ECF No. 1, ¶ 5, Ex. B. That registration does not cover Plaintiff's Composition. *See* U.S. Copyright Circular 56A; *Tuff-N-Rumble Mgmt., Inc. v. Sugarhill Music Publ'g Inc.*, 75 F. Supp. 2d 242, 247 (S.D.N.Y. 1999). Moreover, the sound recording embodying Plaintiff's

---

[1] We represent all Defendants except for Roc Nation Publishing LLC and Songs of Universal, Inc.

[2] The Complaint does not allege that the music *video* for "This is America" (the "Challenged Composition") infringes Plaintiff's music video. Nor can it be read to allege a sampling claim. Such claims would nonetheless be dismissed for lack of a valid registration.

Composition is *excluded* from that registration because it was not an *unpublished* composition when the registration was filed or issued. *See Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 230 (S.D.N.Y. 2012); *see also Palmer/Kane LLC v. Rosen Book Works LLC*, 188 F. Supp. 3d 347, 352 (S.D.N.Y. 2016). The Complaint alleges that a recording of Plaintiff's Composition was uploaded to SoundCloud and YouTube before registration. ECF No. 1, ¶¶ 4, 40, 41 (alleging commercial exploitation on the Internet in 2016). This conduct constitutes publication. 17 U.S.C. § 101; *Getaped.Com, Inc. v. Cangemi*, 188 F. Supp. 2d 398 (S.D.N.Y. 2002) (uploading content to Internet constitutes publication); *see also Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1364 (S.D. Fla. 2011) (music file published when posted on Internet).

## II.  Plaintiff Has Not Alleged Access or Actionable Copying

Copyright infringement requires copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Where no direct evidence of actual copying exists, a plaintiff must allege access with facts sufficient to allow an inference of copying. Here, Plaintiff's allegation that his song was available "on major streaming platforms for widespread public listening" fails to plead "access" as a matter of law. ECF No. 1, ¶ 40; *Clanton v. UMG Recordings, Inc.*, 20-cv-5841 (LJL), 2021 WL 3621784, at *3 (S.D.N.Y. Aug. 16, 2021) (dismissing claim because posting a song on the "internet is insufficient on its own to show [access through] 'wide dissemination'").

In addition, copying requires the works to be "substantially similar." But under the "ordinary observer" test – where a district court must compare the songs' "total concept and overall feel" without considering unprotectable expression the songs may share – the songs at issue lack "substantial similarity" as a matter of law. *Edwards v. Raymond*, 22 F. Supp. 3d 293, 297-301 (S.D.N.Y. 2014). In applying the test, a plaintiff's characterization of the songs is immaterial.

The minimal alleged similarities between the songs at issue lack the requisite protectability. The common proper noun "America" is unprotectable. *McDonald v. West*, 138 F. Supp. 3d 448, 456 (S.D.N.Y. 2015) ("Made in America" not protectible); 37 C.F.R. § 202.1(a). Likewise, any alleged similarity in the cadence/rhythm of the lyrical/rap delivery – such as the alleged use of "triplets" – is also unprotectable. *Morrill v. Stefani*, 338 F. Supp. 3d 1051, 1061 (C.D. Cal. 2018); *Rose v. Hewson,* No. 17cv1471 (DLC), 2018 WL 626350, at *7 (S.D.N.Y. Jan. 30, 2018). Aside from these unprotectable similarities, there is nothing to support Plaintiff's copyright claim.

Indeed, the music is different in each song at issue. As any lay listener will observe, the Challenged Composition's music is unlike Plaintiff's Composition. Plaintiff entirely raps his song in a C# minor key in a faster tempo. The Challenged Composition contains rapping *and* singing by multiple performers, is primarily in F major, and has a slower tempo. The differences in the production and instrumentals also reflect different concepts and overall feels.

In addition, the structure of each song is substantially different. Plaintiff's Composition has an intro, outro, and two verses that are sandwiched between choruses. The Challenged Composition has an intro, two verses that are preceded by both a pre-chorus and chorus, a final pre-chorus and an outro.

Imran H. Ansari, Esq.
December 22, 2021
Page 3

Furthermore, themes and ideas are not protectable as a matter of law, and here, other than a reference to the generic lyric "America," the themes of each song, and their lyrics, are entirely dissimilar. Plaintiff's Composition is a short, simple, self-aggrandizing proclamation, with Plaintiff stating repeatedly: "I'm made in America." His mantra alerts rappers of Plaintiff's arrival ("2016 rappers? (Yeah") You should beware of this"), and his success ("I'm running the city … I'm making a milestone … You hearing my name though? Well don't wear it out … I'm killing the game … I somersault the flow, pick up any ho / On any street).

In contrast, the Challenged Composition is not about a rapper's arrival/success, but is a complex clashing of the American landscape, anchored to the common phrase "This is America." It references facets of America, such as having fun and making money ("We just wanna party / Party just for you / We just want the money / Money just for you"); police misconduct ("Police be trippin' now"); gun culture ("Guns in my area … / I got the strap (ayy, ayy) / I gotta carry 'em"); materialism ("I'm so fitted … I'm on Gucci"); race and familial truth-telling ("Grandma told me / Get your money, Black man …"); and drugs ("Contraband, contraband, contraband … I got the plug in Oaxaca"). The works share no protectable expression and are not substantially similar.

### III. The Contributory and Vicarious Infringement Claims Are Not Plausible

Because no plausible direct copyright infringement claim exists, Plaintiff's claims for contributory and vicarious infringement cannot survive a motion to dismiss. *Alexander v. Murdoch*, No. 10 Civ. 5613(PAC)(JCF), 2011 WL 2802899, at *17 (S.D.N.Y. May 27, 2011). Additionally, the allegations for those claims are conclusory and thus fail to state plausible claims. *Compare* ECF No. 1, ¶¶ 86-87 *with Hartmann v. Amazon.com, Inc.*, 20 Civ. 4928 (PAE), 2021 WL 3683510, at *9 (S.D.N.Y. Aug. 19, 2021) (dismissing conclusory vicarious liability claims).

### IV. RCA and WMG Are Improper Parties

Plaintiff has improperly sued RCA, a business unit of Defendant Sony Music Entertainment ("SME"). RCA lacks a separate corporate existence and thus cannot be sued. Because claims against RCA are claims against SME, RCA is an improper party and should be dismissed. *See Currin v. Williams*, Case. No. 3:07-CV-1069(RNC), 2009 WL 10676977 (D. Conn. May 12, 2009) (sustaining dismissal of "RCA Records Label" because it is a business unit, not a separate corporate entity, finding "claims … against RCA are in fact claims against Sony BMG").

Plaintiff also improperly sued WMG, the indirect corporate parent of Defendants Atlantic Recording Corporation and Warner-Tamerlane Publishing Corp. WMG has no interest in the Challenged Composition. Also, the allegations against WMG are conclusory, mandating its dismissal. ECF No. 1, ¶ 27 (alleging WMG "has assisted in and/or directly facilitated" various acts and "caused copies" to be exploited). *Cohen v. Hertz Corp.*, No. 13 Civ. 1205(LTS)(AJP), 2013 WL 9450421, at *5 n.7 (S.D.N.Y. Nov. 26, 2013) (dismissing corporate parents which were not alleged to be "responsible for the wrongdoings that [plaintiff] suffered"); *see also Hartmann*, 2021 WL 3683510, at *9.

Imran H. Ansari, Esq.
December 22, 2021
Page 4

        Very truly yours,

        */s/ Jonathan D. Davis*

        Jonathan D. Davis

JDD:hs

cc: The Honorable Victor Marrero (Via Fax)
    Paul Maslo, Esq. (Via Email/PDF)
    Alex Spiro, Esq. (Via Email/PDF)
    Donald S. Zakarin, Esq. (Via Email/PDF)
    Ilene S. Farkas, Esq. (Via Email/PDF)



# PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569 Tel: 212-421-4100 Fax: 212-326-0806     www.pryorcashman.com

**Ilene S. Farkas**
Partner

Direct Tel: 212-326-0188
Direct Fax: 212-798-6382
IFarkas@PRYORCASHMAN.com

December 22, 2021

**VIA E-MAIL**

Imran H. Ansari, Esq.
Aidala, Bertuna & Kamins, P.C.
546 Fifth Avenue
New York, New York 10036

Re:   **Nwosuocha v. Glover, et al. (Civ. Action No. 21-cv-04047)**

Dear Mr. Ansari:

We represent Songs of Universal, Inc. in the above-referenced action.

We write to you on behalf of our client and pursuant to Paragraph II.B. of the Individual Practices of The Honorable U.S. District Judge Victor Marrero. We have reviewed the letter of Jonathan Davis of today's date on behalf of the remaining defendants, and our client hereby incorporates by reference and joins in the reasons stated therein that "would warrant dismissal and that, if properly rectified, could avoid the filing of the motion." This letter is in lieu of a response to the Complaint at this time pursuant to the Judge's Rules.

Sincerely,

Ilene S. Farkas

cc:   The Honorable Victor Marrero *(via fax 212-805-6382)*
      Paul Maslo, Esq. *(via email)*
      Alex Spiro, Esq. *(via email)*
      Donald S. Zakarin, Esq. *(via email)*
      Jonathan D. Davis, Esq. *(via email)*

6088077

**quinn emanuel** trial lawyers | new york
711 Louisiana St., Suite 500, Houston, TX 77002 . Tel (713) 221-7000 . Fax (713) 221-7100

WRITER'S DIRECT DIAL NO.
**(214) 447-0066**

WRITER'S EMAIL ADDRESS
**paulmaslo@quinnemanuel.com**

December 22, 2021

**VIA EMAIL AND FEDEX**
Imran H. Ansari
Aidala, Bertuna & Kamins, P.C.
546 Fifth Avenue, 6th Floor
New York, NY 10036

**Re:   Nwosuocha v. Glover, et al., No. 21-cv-04047-VM**

Dear Mr. Ansari:

We represent Roc Nation Publishing LLC ("Roc Nation"). Pursuant to Section II(B) of the Individual Practices of United States District Judge Victor Marrero, we write to "set[] forth the . . . pleading deficiencies in the complaint and other reasons or controlling authorities that defendant contends would warrant dismissal[.]" Specifically, Roc Nation adopts and incorporates by reference the arguments made in the December 22, 2021 pre-motion letter of Jonathan D. Davis, submitted on behalf of other Defendants.

Sincerely,

*/s/ Paul B. Maslo*

Paul B. Maslo


cc:    The Honorable Victor Marrero (via fax)
       Counsel for all parties (via email)

quinn emanuel urquhart & sullivan, llp
AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH