# Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA*
MARIANNE E. BERTUNA*
HON. BARRY KAMINS (RET.)
HON. JOHN M. LEVENTHAL (RET.)
JOHN S. ESPOSITO*
MICHAEL T. JACCARINO
IMRAN H. ANSARI
DIANA FABI SAMSON**
ANDREA M. ARRIGO*
LINO J. DE MASI
MICHAEL F. DIBENEDETTO*

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (917) 261-4832
WWW.AIDALALAW.COM

8118 - 13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN CONNECTICUT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __9/29/2022__

September [ ]

**VIA ECF**
Hon. Victor Marrero
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007
F: (212) 805-6382

    Re:    *Nwosuocha v. Glover II et al.*, No. 1:21-cv-04047-VM

Dear Judge Marrero:

    The undersigned counsel to Plaintiff Emelike Nwosuocha ("Nwosuocha" or "Plaintiff") writes to request the Court's permission for leave to file a sur-reply with respect to the pending Joint Motion to Dismiss filed in this action by the Defendants (ECF No. 93)(the "Joint Motion"). As set forth below, such relief is warranted, proper, and necessary to mitigate Plaintiff's prejudice in light of the improperly broad substantive scope of both memoranda of law filed by Defendants in support of their Joint Motion.

    As an initial matter, Defendants' two memoranda have both sought to advance extensive new arguments, theories, and issues for dismissal that were not included in Defendants' initial Pre-Motion letter (the "Pre-Motion Letter"[1]). In doing so, Defendants' memoranda both violated this Court's Orders limiting Defendants' briefing to the substance of dismissal arguments stated in their initial pre-motion letter. *See* ECF No. 81 (directing that "the substance" of Defendants' impending Joint Motion "may not deviate" from "the basis for dismissal that Defendants **stated** in its **initial** pre-motion letter.")(emphasis added); ECF No. 83 at 1-2 (so-ordering Defendants' request to enlarge page limit for Defendants to brief "grounds warranting dismissal of the Complaint, as **enumerated** in the **initial** premotion letter . . . .")(emphasis added). Defendants' deviation from the substance stated in their Pre-Motion Later was material in extent and went to

---

[1] The Pre-Motion Letter is annexed hereto as **Exhibit A**.

multiple issues.[2] To illustrate, the Pre-Motion Letter omitted any mention or argumentation addressing vocal composition elements, vocal performance elements, or other vocal features contained within the songs' choruses. **Ex. A** at 1-3.[3] However, the initial memorandum of law filed by Defendants in support of the Joint Motion (ECF No. 95)(the "Initial Brief") seeks to advance extensive argumentation directed to those very issues.[4] Further, a central argument now permeating Defendants' briefing is their newfound theory that Plaintiff's claims go to vocal *performance* elements appearing in the songs' choruses rather than vocal *compositional* elements. Initial Br. at 2, 4; *see also* ECF No. 97 ("Reply Br.") at 2-3.

Defendants' Initial Brief flouted this Court's limitation of the substative scope of their briefing. Defendants' trangression in this regard was far from harmless. Plaintiff relied on the binding nature of the Court's substantive limitation of Defendants' briefing in forebearing from the Court's option to request an enlargement of the Court's six-page briefing limit.[5] Plaintiff forewent that option based on the expectation that Defendant's impending briefing would be limited to a set of arguments, theories, and points already made known to Plaintiff in the Pre-Motion Letter. Instead, to fully preserve and protect his rights, Plaintiff was forced to expend consequential portions of his limited six-page Opposition Brief addressing the above-described arguments and points raised for the first time in Defendants' Initial Brief. This significantly prejudiced Plaintiff in his ability to fully defend Defendants' Joint Motion, which seeks disposition of all his claims. Viewed under the totality of relevant circumstances, filings, correspondence, and Orders of the Court, the scope of the arguments and points raised in Defendants' Initial Brief underscores poor faith as to both the Court and Plaintiff. Given these circumstances, Plaintiff should be permitted to file a sur-reply in order to mitigate prejudice to Plaintiff and to mitigate any leverage Defendants have procured in the instant dispostitive motion practice by running afoul of the required briefing limitations.

Additionally, the reply memorandum of law filed by Defendants (ECF No. 97)(the "Reply Brief") seeks to raise new argumentation, issues, and theories for the first time. Defendants' new Reply Brief arguments fall into three basic categories. <u>First</u>, in what appears to be a haphazard, last-ditch attempt to save their Joint Motion's copyright registration theory from *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 142 S. Ct. 941 (2022), Defendants suddenly attempt to offer new assertions in their Reply Brief concerning Plaintiff's state of mind around applying for his copyright registration. In this regard, Defendants try out a number of new random affirmative

---

[2] Plaintiff's memoranda of law filed in opposition to the Joint Motion (ECF No. 96)(the "Opposition Brief") raised the improper nature of certain new arguments contained in the Defendants' briefing. ECF No. 96 at 4. Plaintiff incorporates those arguments herein.

[3] The sole references to the songs' respective "choruses" in the Pre-Motion Letter did not concern *any* element of any kind—vocal or not—contained within the songs' choruses. Defendants instead mentioned the choruses in a two-sentence comparison of the songs' "structure" *i..e*, the arrangement of the songs' sections. **Ex. A** at 2.

[4] Including attempts to argue for the first time: (i) the "vocal style or performance of the chorus;" (ii) purported "differences in the rhythm of the respective choruses;" (iii) purported "pick-up note[s]" and "full rest[s]" in the Infringing Composition's chorus; purported "performance technique" used in the Infringing Composition's chorus; and (iv) the nature, protectability, or relevance of elements purportedly "common" to "trap music." Initial Br. at 3-4

[5] As directed in the Order entered on August 10, 2022 in light of recent opinions from the Circuit. (ECF No. 86).

conclusions about Plaintiff's knowledge, awareness, disregard, ignoring of, or mischaracterization of various vague facts or ideas or concepts at various unknown times. *See* Reply Br. at 1. Second, Defendants intersperse their newfound declarations about Plaintiff's thoughts with an attempt to quietly advance substantive argumentation going the "unpublished" status of plaintiff's composition at the point of registration. In addressing *Unicolors,* 142 S. Ct. 941, Defendants attempt to state as an affirmative fact that, in applying for his copyright, Plaintiff was "aware" that "he published it on the Internet." *See* Reply Br. at 1. Defendants never argued or addressed the issue of publication in the Initial Brief whatsoever, and accordingly nor did Plaintiff in the Opposition Brief. Third, Defendants' Reply Brief attempts to advance new substantive arguments directed to Plaintiff's allegations of striking similarity, both of which are outside the scope of arguments in prior briefing and outside the scope of the Pre-Motion Letter. For the first time in these proceedings, Defendants' Reply Brief seeks to advance an argument that Plaintiff's Complaint does not "contend[]" or allege striking similarity. *Id*. 2. The Reply Brief then seeks to advance an argumentation directed to the Complaint's purported failure to "*constitently* allege" striking similarity. *Id*. (emphasis added).

Plaintiff notes that Defendants' three categories of new arguments included for the first time in Defendants' Reply Brief each run afoul of Your Honor's Individiual Rule II.D., which directs that new matters raised in reply briefs are barred from consideration by the Court and that the Court will reject and return "any memoranda" not complying with Your Honor's requirements. Plaintiff respectfully submits that the breadth of new, improperly broad substantive argumentation included throughout both of Defendants' memoranda–as described in the foregoing—speaks for itself in terms of non-compliance with this Court's requirements. Nontheless, to the extent that the newly asserted matters in the Reply Brief may comingle with briefing otherwise deemed properly considerable by the Court, Plaintiff submits that a sur-reply is also warranted to give Plaintiff an equitable opportunity to address new substantive matters raised in the first instance in the Reply Brief.

Dated: September 28, 2022

Respectfully submitted,

**AIDALA, BERTUNA & KAMINS, P.C.**

/ Ansari
Ansari, Esq.
venue, 6th Floor
NY 10036
-0011
-8297
alalaw.com
*r Plaintiff*

---

Request DENIED. The Court will not consider any new arguments, legal theories or other matters raised by defendants for the first time in reply.

SO ORDERED.

Dated: Sept. 29, 2022
New York, NY

Victor Marrero
U.S.D.J.

3