MANDATE

1:21-cv-04047-VM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: Mar 16 2026

25-647
*Nwosuocha v. Glover, et al.*

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand twenty-six.

Present:

MICHAEL H. PARK,
SARAH A. L. MERRIAM,
*Circuit Judges,*
KIYO A. MATSUMOTO,*
*District Judge.*

---

EMELIKE NWOSUOCHA,

*Plaintiff-Appellant,*

v. 25-647

DONALD MCKINLEY GLOVER, II, SONY MUSIC ENTERTAINMENT, YOUNG STONER LIFE PUBLISHING LLC, KOBALT MUSIC PUBLISHING AMERICA, INC., D/B/A SONGS OF KOBALT MUSIC PUBLISHING, THEORY ENTERTAINMENT LLC, D/B/A 300 ENTERTAINMENT, ATLANTIC RECORDING CORP., WARNER-TAMERLANE PUBLISHING CORP., LUDWIG EMIL TOMAS GORANSSON, JEFFREY LAMAR WILLIAMS, SONGS OF UNIVERSAL, INC., ROC NATION PUBLISHING, LLC., D/B/A SONGS OF ROC NATION,

* Judge Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

MANDATE ISSUED ON 03/13/2026


*Defendants-Appellees.*†

---

FOR PLAINTIFF-APPELLANT: ANDREW GRIMM, Digital Justice Foundation, Omaha, NE

FOR DEFENDANTS-APPELLEES: JONATHAN DAVIS (Colin Steelsmith, David C. Russell, *on the brief*), Jonathan D. Davis, P.C., New York, NY, *for Donald McKinley Glover II, Sony Music Entertainment, Young Stoner Life Publishing, LLC, Kobalt Music Publishing America, Inc., d/b/a Songs of Kobalt Music Publishing, Theory Entertainment LLC, d/ba/ 300 Entertainment, Atlantic Recording Corp., Warner-Tamerlane Publishing Corp., Ludwig Emil Tomas Goransson, and Jeffrey Lamar Williams*

Donald S. Zakarin (Ilene S. Farkas, *on the brief*), Pryor Cashman LLP, New York, NY, *for Songs of Universal, Inc.*

Alex Spiro (Paul B. Maslo, *on the brief*), Quinn Emanuel Urquhart & Sullivan LLP, New York, NY, *for Roc Nation Publishing, LLC, d/b/a Songs of Roc Nation*

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Emelike Nwosuocha appeals from an attorneys' fees award of $286,475.10 after the district court dismissed with prejudice his complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties'

---

† The Clerk of Court is respectfully directed to amend the official caption as set forth above.

familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

This case arises out of a copyright dispute between Nwosuocha and Donald Glover. In 2021, Nwosuocha sued Glover for copyright infringement, alleging that Glover's 2018 song "This is America" infringed on Nwosuocha's 2016 song "Made in America" because it "copie[d] distinctive and important vocal elements of the composition and performance embodied in the Copyrighted Work." Supp. App'x at 28. The district court construed the complaint as asserting a claim only for infringement of the musical composition, rather than the sound recording. It dismissed Nwosuocha's complaint with prejudice because Nwosuocha had registered a copyright only in the sound recording of "Made in America" and not the musical composition, and thus failed to meet a statutory prerequisite to suit under 17 U.S.C. § 411(a). *See Nwosuocha v. Glover*, No. 21-CV-04047 (VM), 2023 WL 2632158, at *5 (S.D.N.Y. Mar. 24, 2023). The district court also found that Defendants did not infringe on Nwosuocha's song because the two works were not substantially similar, so Nwosuocha's claims failed as a matter of law. We affirmed the dismissal on the lack-of-registration issue without reaching the substantial-similarity issue. *See Nwosuocha v. Glover*, No. 23-703, 2024 WL 2105473, at *1-2 (2d Cir. May 10, 2024). Defendants then moved for attorneys' fees under 17 U.S.C. § 505, seeking $934,653.85. The district court granted the motion in part, awarding $286,475.10 in fees.

"A district court's decision to award attorneys' fees under the Copyright Act . . . is reviewed for abuse of discretion." *Manhattan Review LLC v. Yun*, 919 F.3d 149, 152 (2d Cir. 2019). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that

cannot be located within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (cleaned up).

Under the Copyright Act, a district court "may . . . award a reasonable attorney's fee to the prevailing party" in a copyright infringement action. 17 U.S.C. § 505. A district court's award of attorneys' fees under this provision must be based on a "particularized, case-by-case assessment," and not granted "as a matter of course." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)). In determining whether to award attorneys' fees, a district court should consider the following "nonexclusive factors": "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (cleaned up) (quoting *Fogerty*, 510 U.S. at 534 n.19). "Although objective reasonableness carries significant weight" in a district court's consideration of these factors, the district court must "view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Id.* at 209.

Here, the district court conducted a "particularized, case-by-case assessment," *id.* at 202, carefully applied the nonexclusive *Fogerty* factors, and considered the purposes of the Copyright Act.[1] The district court found that Nwosuocha's claims were objectively unreasonable because he did not have a copyright registration for the musical composition on which his claims were

[1] The district court also determined that Defendants were "prevailing parties" under 17 U.S.C. § 505. We do not consider Nwosuocha's challenge to this determination on appeal because he expressly conceded before the district court that Defendants were prevailing parties, thereby waiving the argument. *See, e.g.*, App'x at 170 ("[T]he very reason that Defendants can seek fees at all is that Defendant won, i.e., that the 'prevailing party' that it may seek fees at all."); *United States v. Mangano*, 128 F.4th 442, 466 (2d Cir. 2025) ("[W]hen a party concedes a point before a lower court, it generally waives the issue and cannot thereafter raise an argument before this Court that is contrary to the concession." (cleaned up)).

based, which is a prerequisite to bringing a copyright infringement suit. Moreover, despite "being put on notice of these fundamental flaws," he continued to press his claim. Special App'x at 13-14. The district court also found that that while Nwosuocha was not a serial copyright litigant, the motivation factor modestly favored Defendants because Nwosuocha's decision to bring his claim years after the challenged song gained widespread success suggested that the suit was "opportunistic." *Id.* at 15. Finally, it found that a fee award would deter similarly unreasonable suits, but would not unduly chill litigants from bringing "close or novel" claims because Nwosuocha's claim was "without merit on its face." *Id.* at 16-17.

We identify no abuse of discretion in the district court's determination that an award of fees was warranted here. 17 U.S.C. § 441 plainly barred Nwosuocha's suit asserting infringement of his musical composition because he did not possess a copyright registration for it. *See Nwosuocha*, 2024 WL 2105473, at *1-2. Nor did the district court conclude that Nwosuocha had an improper motive solely because he had a pecuniary motive, as Nwosuocha contends. Rather, it found that the *timing* of his suit—years after "Defendants' song had generated widespread commercial success and received critical claim," Special App'x at 15—suggested opportunism. Finally, Nwosuocha's assertion that the need for deterrence applies only to serial copyright litigants is baseless. As the Supreme Court explained in *Kirtsaeng*, when a "copyright holder with no reasonable infringement claim has good reason not to bring suit in the first instance," such a "result[] promote[s] the Copyright Act's purposes." 579 U.S. at 205.

Nwosuocha also challenges the district court's fee calculation, asserting that it "fail[ed] to take into account the ruinous nature of the fee award upon Mr. Nwosuocha in determining the appropriate amount." Appellant's Br. at 56. Though Nwosuocha is correct that a party's

"financial status . . . is a factor that should be weighed in fixing an appropriate amount" of fees, *Faraci v. Hickey-Freeman Co., Inc.*, 607 F.2d 1025, 1028 (2d Cir. 1979), he mischaracterizes the record. Although Defendants sought $934,653.85, the district court awarded only $286,475.10 in fees. In doing so, it explicitly considered "the relative financial positions of the parties" and "assess[ed] 'whether, in light of [Plaintiff's] ability to pay, a lesser sum assessed would . . . fulfill[] the statute's deterrence purpose without subjecting him to financial ruin.'" Special App'x at 26 (quoting *Faraci*, 607 F.2d at 1029). The district court found that "a far smaller fee award would adequately deter Nwosuocha, send a general deterrence message, and still meaningfully compensate Defendants." *Id.* at 28. It accordingly applied a 25% across-the-board reduction of the fee amount. *Id.* The record thus does not support the conclusion that the district court abused its discretion by failing to consider a relevant factor in determining the amount of fees to award.

* * *

We have considered all of Nwosuocha's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit